**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roosevelt Irrigation District, a political subdivision of the State of Arizona,<br><br>            Plaintiff,<br><br>vs.<br><br>Salt River Project Agricultural Improvement and Power District, *et al.*,<br><br>            Defendants. | No. CV-10-0290-TUC-DAE (BGM)<br><br>**ORDER** |

Currently pending before the Court is Defendants Honeywell International, Inc., Corning Incorporated, Salt River Project Agricultural Improvement and Power District, Dolphin Incorporated, Univar USA Incorporated, Union Pacific Railroad Company, Freescale Semiconductor, Inc. and Air Liquide America Specialty Gases, LLC's ("Moving Defendants")[1] Motion for the Complete Disqualification of Gallagher & Kennedy, and Memorandum of Points and Authorities (Doc. 664). Plaintiff Roosevelt Irrigation District's ("RID") filed its response (Doc. 691), and at this Court's invitation, Gallagher & Kennedy ("G&K") also responded (Doc. 688). Accordingly, moving Defendants filed replies (Docs. 696 & 697). RID's Sur-Response in Opposition to Motion for Complete Disqualification of Gallagher and Kennedy (Doc. 718) seeking leave to file a sur-response is also pending at this

---

[1] Defendant ChemResearch, Co., Inc. filed its Notice of Joinder and Joinder in Motion for the Complete Disqualification of Gallagher & Kennedy (Doc. 698). As such, Defendant ChemResearch, Co., Inc. is included as a "Moving Defendant."

time. Oral argument regarding Moving Defendants' motion was heard on September 24, 2013. Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure, this matter was referred to Magistrate Judge Macdonald for pretrial case management. As discussed below, the Court will grant RID's motion for sur-response, and deny Moving Defendants' request for complete disqualification.

## I. RID'S SUR-RESPONSE

The Court having reviewed RID's Sur-Response in Opposition to Motion for Complete Disqualification of Gallagher and Kennedy (Doc. 718) and no opposition having been filed, the Court grants Plaintiff leave to file the sur-response.

## II. MOTION FOR COMPLETE DISQUALIFICATION

Moving Defendants seek an Order from this Court requiring Gallagher & Kennedy ("G&K") to:

> disengage in any representation of RID regarding the [West Van Buren Area Water Quality Assurance Revolving Fund] WVB WQARF site, including specifically that G&K (1) will not have any contact with [the Arizona Department of Environmental Quality] ADEQ or any other body, directly or indirectly, that is related in any way to remedial actions that are or may become the subject of cost recovery under the [Second Amended Complaint] SAC; (2) will immediately cease from having any contacts with consultants to RID who are related in any way to the remedial actions that are the subject of cost recovery in the SAC; and (3) will disengage from any work that it might be doing on any other alleged RID response action, the costs of which will be sought in this matter.

Mot. for the Complete Disqual. of G&K and Mem. of Points and Authorities (Doc. 664) at 18.

### A. Background

On February 9, 2010, G&K on behalf of Plaintiff RID filed a Complaint (Doc. 1) for *inter alia* the recovery of costs pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9601 *et seq.* ("CERCLA"). On July 23, 2010, RID filed its First Amended Complaint ("FAC") (Doc. 10). Shortly after the filing of the FAC, several Defendants filed motions to disqualify G&K as counsel for RID. *See*

1  Order 8/26/2011 (Doc. 468). After additional submissions by the parties and oral argument,
2  Judge Ezra entered a detailed and thorough analysis regarding the disqualification issue. *Id.*
3  Ultimately, G&K was disqualified as to five (5) Defendants, Honeywell, Corning, Univar,
4  Salt River Project Agricultural Improvement and Power District ("SRP") and Dolphin, and
5  required RID to obtain new counsel to represent it adverse to these Defendants in this
6  litigation. *Id.* at 126.

7  Subsequent to the Court's August 26, 2011 Order (Doc. 468), RID sought to substitute
8  Bonnett, Fairbourn, Friedman and Balint, P.C. ("BFFB") for G&K with respect to
9  Defendants Corning, Dolphin, Honeywell, SRP, Union Pacific Railroad and Univar (Doc.
10 478). RID also sought leave to file a Second Amended Complaint (Doc. 479). The
11 Defendants with whom G&K had a conflict, objected to the manner by which RID was
12 implementing the Court's August 26, 2011 Order (Doc. 468). *See* Hr'g Tr. 1/4/2012 (Doc.
13 490) at 10:11-15, 11:5-9, 23:13-21. At that time, Judge Ezra requested additional briefing
14 on the implementation issue, and made clear that he would not be revisiting the August 26,
15 2011 Order (Doc. 468). Hr'g Tr. 1/4/2012 (Doc. 490) at 23:13-24:5.

16 The relevant parties filed additional briefing and oral argument was heard; however,
17 prior to the Court issuing its Order regarding the implementation issue, RID dismissed the
18 conflict Defendants. *See* Notice of Voluntary Dismissal (Doc. 525). The same Defendants
19 were returned to this litigation through Third-Party complaints, and renewed their objections
20 to the enforcement of the Court's disqualification Order. *See* Third-Party Defs.' Renewed
21 Mot. to Enforce Disqualification Order (Doc. 580).

22 On May 20, 2013, G&K filed its *Ex Parte* Application for Substitution of Counsel
23 with Client Consent (Doc. 619). The motion stated in relevant part that:

24 G&K seeks to withdraw completely as RID's counsel in this civil action to
   terminate the ongoing disqualification motion practice, so as to allow RID to
25 move quickly to the merits of its case through new counsel. G&K will not in
   the future seek to enter an appearance as counsel for any party in this civil
26 action.

27 *Id.* at 2. Accordingly, the following day Judge Ezra issued an Order 5/21/2013 (Doc. 620)
28 accepting the substitution of BFFB for G&K in this cause of action. In doing so, Judge Ezra

- 3 -

1  stated, "[b]ecause G&K no longer represents Roosevelt Irrigation District in this case, the
2  Renewed Motion to Enforce Disqualification Order (doc. # 580) brought by Third-Party
3  Defendants Corning Inc., Dolphin Inc., Honeywell International Inc., Union Pacific Railroad
4  Company, Univar USA Inc., and Salt River Project Agricultural Improvement and Power
5  District and the Motion to Disqualify Counsel for Plaintiff (doc. # 615) brought by Third-
6  Party Defendant Freescale Semiconductor, Inc. are therefore **DENIED AS MOOT**." *Id.* at
7  2 (emphasis in original).  Since Judge Ezra's Order, BFFB has remained counsel for RID in
8  this case.  Except for its limited appearance for purposes of the pending motion, G&K has
9  not appeared before this Court with regard to the current litigation since May 21, 2013.

10  ### *B.     Analysis*

11  Through the current motion, Moving Defendants seek this Court to reach beyond the
12  boundaries of the case pending before it, to disqualify G&K as RID's counsel in proceedings
13  before the ADEQ.  It is undisputed that this Court has the authority and responsibility to
14  regulate the conduct of attorneys appearing before it.  *Wharton v. Calderon*, 127 F.3d 1201,
15  1206 (9th Cir. 1997); *Erickson v. Newmar Corp.*, 87 F.3d 298, 300 (9th Cir. 1996); *Paul E.*
16  *Iacono Structural Engineer v. Humphrey*, 722 F.2d 435, 438 (9th Cir. 1983); *Trone v. Smith*,
17  621 F.2d 994, 999 (9th Cir. 1980); *See also Standing Comm. on Discipline of the USDC for*
18  *the S. Dist. of Ca. v. Ross*, 735 F.2d 1168, 1170 (9th Cir. 1984).  The Ninth Circuit Court of
19  Appeals in *Wharton* stated, however, that the district court is not authorized to "reach out and
20  'regulate' attorneys ***not*** appearing before it."  *Wharton*, 127 F.3d at 1206 (emphasis added)
21  (reviewing the *Iacono* decision regarding the authority of the district court to regulate the
22  ethical behavior of attorneys).

23  Moving Defendants argue that "[w]hile not counsel of record, [G&K] are acting as
24  *de facto* co-counsel or the agent of RID's current counsel in working to establish the
25  elements of RID's CERCLA claims against the Conflict Defendants, thereby assisting in
26  RID's efforts to recover its alleged damages from them."  Defs.' Mot. for Complete Disqual.
27  of G&K (Doc. 664) at 12-13.  In support of this argument, Moving Defendants rely on *Rella*
28  *v. N. Atl. Marine, Ltd.*, 2004 WL 2480409 (SDNY) to demonstrate that these alleged actions

by G&K make their disqualification from this case illusory. Moving Defendants reliance on *Rella* is misplaced. The *Rella* court specifically held:

> Manifestly, it would be pointless to disqualify a lawyer from representing a client in the courtroom because of his possession of privileged information of an adversary, and then to permit the lawyer to go on representing that very client behind the scenes as co-counsel with another attorney who takes on the public face of the representation. By granting Global's motion, the Court prohibits the Friedrich firm from undertaking any involvement on the part of Freedom in this litigation, including advising new counsel on strategy or 'sitting at counsel table . . . during the trial[.]'"

*Rella*, 2009 WL 2480409 at *7. As counsel for G&K averred at oral argument, "there is not one shred of evidence to suggest that Gallagher & Kennedy is secretly working with the Bonnett firm in terms of this litigation. There is no contact. There is no discussion. And there's not one shred of evidence to suggest otherwise." Hr'g Tr. 9/26/2013 (Doc. 713) at 47:17-21.

Furthermore, ADEQ is an independent administrative agency of the State of Arizona, and is neither a party nor has any involvement in the matter before this Court. At this juncture, the impact of ADEQ's findings on the instant case remain speculative.[2] Additionally, well-established principles of comity and Federalism instruct this Court to refrain from overreaching. The Supreme Court of the United States has recognized:

> [T]he notion of 'comity,' that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.

*Younger v. Harris*, 401 U.S. 37, 44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971). This Court is unable to find any legal authority with which to justify extending its jurisdiction to disqualify attorneys involved in proceedings before a state agency. Indeed, Ninth Circuit authority, as well as principles of comity and federalism, suggest such an extension would be improper. *See, e.g., Wharton*, 127 F.3d at 1206; *Younger*, 401 U.S. at 44, 91 S.Ct. at 750.

---

[2]The Court is mindful that ADEQ's allocations may be used in this litigation to demonstrate consistency with the National Contingency Plan ("NCP") in support of damages. Any such findings, however, are not yet final.

- 5 -

Because G&K are no longer before this Court, the proper forum for Moving Defendants to address their concerns is ADEQ. Alternatively, Moving Defendants could institute disciplinary proceedings against G&K. *See Damron v. Herzog*, 67 F.3d 211, 213 (9th Cir. 1995). This Court does not have the authority to regulate the conduct of G&K beyond the confines of the current litigation.

Accordingly, IT IS HEREBY ORDERED that:

1. RID's request for leave to file its Sur-Response in Opposition to Motion for Complete Disqualification of Gallagher and Kennedy (Doc. 718) is GRANTED; and

2. Defendants Honeywell International, Inc., Corning Incorporated, Salt River Project Agricultural Improvement and Power District, Dolphin Incorporated, Univar USA Incorporated, Union Pacific Railroad Company, Freescale Semiconductor, Inc. and Air Liquide America Specialty Gases, LLC's Motion for the Complete Disqualification of Gallagher & Kennedy, and Memorandum of Points and Authorities (Doc. 664) is DENIED.

DATED this 27th day of November, 2013.

_____
Bruce G. Macdonald
United States Magistrate Judge