1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9    Roosevelt Irrigation District, a political      )    No. CV-10-0290-TUC-DAE (BGM)
     subdivision of the State of Arizona,            )
10                                                    )
                    Plaintiff,                        )    **ORDER**
11                                                    )
     vs.                                              )
12                                                    )
                                                      )
13   Salt River Project Agricultural                  )
     Improvement and Power District, *et al.*,        )
14                                                    )
                    Defendants.                       )
15   _____ )

16          Currently pending before the Court is Defendants Honeywell International, Inc.,

17   Corning Incorporated, Salt River Project Agricultural Improvement and Power District,

18   Dolphin Incorporated, Univar USA Incorporated, Union Pacific Railroad Company,

19   Freescale Semiconductor, Inc., Air Liquide America Specialty Gases, LLC, and

20   ChemResearch Company's ("Conflict Defendants") Motion for Complete Disqualification

21   Following Remand (Doc. 854).  Plaintiff Roosevelt Irrigation District's ("RID") filed its

22   response (Doc. 869), and at this Court's invitation, Gallagher & Kennedy ("G&K") also

23   responded (Doc. 867).  Accordingly, moving Defendants filed replies (Docs. 867).  Conflict

24   Defendants have also filed a Motion for Leave to File Supplemental Brief in Support of

25   Conflict Defendants Motion for Complete Disqualification Following Remand (Doc. 967).

26   Oral argument regarding Conflict Defendants' motion was heard on January 22, 2015.

27   Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure, this matter was

28   referred to Magistrate Judge Macdonald for pretrial case management.  As discussed below,

1  the Court will deny Conflict Defendants' request for complete disqualification.

2

3  **I.   UNREDACTED FEE AGREEMENT**

4        At the January 22, 2015 hearing, this Court denied Conflict Defendants' Motion for

5  Production of Unredacted Fee Agreement, and Memorandum of Points of Authority (Doc.

6  853).   Hr'g Tr. 1/22/2015 (Doc. 919) 6:8-21.   Although the Court declined Conflict

7  Defendants' motion for production, it required Plaintiff to provide the unredacted fee

8  agreement to the Court for *in camera* inspection.   Order 11/21/2014 (Doc. 894).   Plaintiff

9  complied with this Order, and the Court has had the opportunity to review the entirety of the

10 agreement in reaching its decision regarding Conflict Defendants' motion to disqualify.  *See*

11 Not. of Compliance with Order to Submit Document for In Camera Inspection (Doc. 895).

12

13 **II.  MOTION FOR COMPLETE DISQUALIFICATION**

14       Moving Defendants seek an Order from this Court prohibiting G&K from:

15       engaging in any activity related to the subject matter of this litigation,
         including but not limited to: (1) providing RID with legal advice relating to the
16       litigation; (2) interacting with RID's consultants on matters related to this
         litigation; (3) generating evidence to be offered in the litigation; (4) advocating
17       positions before ADEQ related to this litigation; and (5) receiving any
         compensation derived directly or indirectly from this litigation.
18
   Mot. for Complete Disqual. Following Remand (Doc. 854) at 17 (emphasis in original).
19
         ***A.    Background***
20
         On February 9, 2010, G&K on behalf of Plaintiff RID filed a Complaint (Doc. 1) for
21
   *inter alia* the recovery of costs pursuant to the Comprehensive Environmental Response,
22
   Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9601 *et seq.* ("CERCLA").   On July
23
   23, 2010, RID filed its First Amended Complaint ("FAC") (Doc. 10).   Shortly after the filing
24
   of the FAC, several Defendants filed motions to disqualify G&K as counsel for RID.   *See*
25
   Order 8/26/2011 (Doc. 468).   After additional submissions by the parties and oral argument,
26
   Judge Ezra entered a detailed and thorough analysis regarding the disqualification issue.  *Id.*
27
   Ultimately, G&K was disqualified as to five (5) Defendants, Honeywell, Corning, Univar,
28

1   Salt River Project Agricultural Improvement and Power District ("SRP") and Dolphin, and

2   required RID to obtain new counsel to represent it adverse to these Defendants in this

3   litigation. *Id.* at 126.

4         Subsequent to the Court's August 26, 2011 Order (Doc. 468), RID sought to substitute

5   Bonnett, Fairbourn, Friedman and Balint, P.C. ("BFFB") for G&K with respect to

6   Defendants Corning, Dolphin, Honeywell, SRP, Union Pacific Railroad and Univar (Doc.

7   478).   RID also sought leave to file a Second Amended Complaint (Doc. 479).   The

8   Defendants with whom G&K had a conflict, objected to the manner by which RID was

9   implementing the Court's August 26, 2011 Order (Doc. 468). *See* Hr'g Tr. 1/4/2012 (Doc.

10  490) at 10:11-15, 11:5-9, 23:13-21.   At that time, Judge Ezra requested additional briefing

11  on the implementation issue, and made clear that he would not be revisiting the August 26,

12  2011 Order (Doc. 468).   Hr'g Tr. 1/4/2012 (Doc. 490) at 23:13-24:5.

13        The relevant parties filed additional briefing and oral argument was heard; however,

14  prior to the Court issuing its Order regarding the implementation issue, RID dismissed the

15  conflict Defendants. *See* Notice of Voluntary Dismissal (Doc. 525).   The same Defendants

16  were returned to this litigation through Third-Party complaints, and renewed their objections

17  to the enforcement of the Court's disqualification Order. *See* Third-Party Defs.' Renewed

18  Mot. to Enforce Disqualification Order (Doc. 580).

19        On May 20, 2013, G&K filed its *Ex Parte* Application for Substitution of Counsel

20  with Client Consent (Doc. 619).   The motion stated in relevant part that:

21        G&K seeks to withdraw completely as RID's counsel in this civil action to
          terminate the ongoing disqualification motion practice, so as to allow RID to
22        move quickly to the merits of its case through new counsel. G&K will not in
          the future seek to enter an appearance as counsel for any party in this civil
23        action.

24  *Id.* at 2.   Accordingly, the following day Judge Ezra issued an Order 5/21/2013 (Doc. 620)

25  accepting the substitution of BFFB for G&K in this cause of action.   In doing so, Judge Ezra

26  stated, "[b]ecause G&K no longer represents Roosevelt Irrigation District in this case, the

27  Renewed Motion to Enforce Disqualification Order (doc. # 580) brought by Third-Party

28  Defendants Corning Inc., Dolphin Inc., Honeywell International Inc., Union Pacific Railroad

- 3 -

Company, Univar USA Inc., and Salt River Project Agricultural Improvement and Power District and the Motion to Disqualify Counsel for Plaintiff (doc. # 615) brought by Third-Party Defendant Freescale Semiconductor, Inc. are therefore **DENIED AS MOOT**." *Id.* at 2 (emphasis in original). Since Judge Ezra's Order, BFFB has remained counsel for RID in this case. Except for its limited appearance for purposes of the pending motion and its predecessor, G&K has not appeared before this Court with regard to the current litigation since May 21, 2013.

On August 27, 2013, Conflict Defendants filed their Motion for the Complete Disqualification of Gallagher & Kennedy, and Memorandum of Points and Authorities (Doc. 664).[1] Plaintiff filed its response (Doc. 691), as did G&K by invitation of this Court (Doc. 688). Conflict Defendants filed their replies (Docs. 696 & 697). On September 24, 2013, the Court heard oral argument on the motion, and entered its Order denying the same. *See* Amended Minute Entry 9/24/2013 (Doc. 706); Order 12/2/2013 (Doc. 746), *vacated by* Order 8/19/2014 (Doc. 848). Conflict Defendants filed their Objections to Magistrate Judge's Order Denying Motion for Complete Disqualification (Doc. 747) and Plaintiff responded (Doc. 749). On July 29, 2014, Judge Ezra held a hearing regarding, *inter alia*, Conflict Defendants' appeal. Minute Entry 7/29/2014 (Doc. 832). At that hearing, Judge Ezra vacated the December 2, 2013 Order (Doc. 746) and remanded the matter for further proceedings and consideration of the impact, if any, of the Fee Agreement on the Magistrate Judge's decision. Hr'g Tr. 7/30/2014 (Doc. 843) 72:12-73:15.

### *B.   Analysis*

### 1.  Judicial Authority to Disqualify

Relying on *Trone v. Smith*, 621 F.2d 994 (9th Cir. 1980) and *Damron v. Herzog*, 67 F.3d 211 (9th Cir. 1995), Conflict Defendants argue that this Court has a responsibility to enforce ethics rules "to preserve the integrity of the judicial system." Conflict Def.'s Mot. for Complete Disqualification

---

[1]Defendant ChemResearch Co., Inc. was not a "Conflict Defendant" at the time of the filing of the August 27, 2013 motion, but later filed its Notice of Joinder and Joinder in Motion for Complete Disqualification of Gallagher & Kennedy (Doc. 698).

1   Following Remand (Doc. 854) at 5.  Conflict Defendants, however, seek this Court to reach

2   beyond the boundaries of the case pending before it, to disqualify G&K as RID's counsel in

3   proceedings before the Arizona Department of Environmental Quality ("ADEQ").  Conflict

4   Defendants have not provided any legal authority to support their contention that the Court

5   has the authority to control the behavior of attorneys ***not*** appearing before it.[2]

6        It is undisputed that this Court has the authority and responsibility to regulate the

7   conduct of attorneys appearing before it.  *Wharton v. Calderon*, 127 F.3d 1201, 1206 (9th

8   Cir. 1997); *Erickson v. Newmar Corp.*, 87 F.3d 298, 300 (9th Cir. 1996); *Paul E. Iacono*

9   *Structural Engineer v. Humphrey*, 722 F.2d 435, 438 (9th Cir. 1983); *Trone v. Smith*, 621

10  F.2d 994, 999 (9th Cir. 1980); *See also Standing Comm. on Discipline of the USDC for the*

11  *S. Dist. of Ca. v. Ross*, 735 F.2d 1168, 1170 (9th Cir. 1984).  The Ninth Circuit Court of

12  Appeals in *Wharton* reviewed its prior decision in *Iacono*, and expressly observed that:

13       The district court is not the State Bar of California or the State Bar Court.  It
     has no charter to insure that all attorneys within the Central District of
14  California comply with the State Bar Act.  From the perspective of regulating
     the ethical conduct of attorneys, *Iacono* does not support the district court's
15  reaching out to regulate the conduct of attorneys ***not*** appearing before it.

16  *Wharton*, 127 F.3d at 1206 (emphasis added).  Conflict Defendants argue that *Wharton* is

17  distinguishable, because in that case, the attorneys that the district court sought to control in

18  the context of a federal habeas proceeding had never been before it, rather they were

19  involved in the underlying criminal case in the state court.  Hr'g Tr. 1/22/2015 (Doc. 919)

20  at 28:21-29:10, 62:3-63:8.  The Court finds this distinction insufficient to support the relief

21  that Conflict Defendants seek.  As counsel for G&K averred at the September 2013 oral

22  argument, and reiterated at the January 2015 hearing, "there is not one shred of evidence to

23  suggest that Gallagher & Kennedy is secretly working with the Bonnett firm in terms of this

24  litigation.  There is no contact.  There is no discussion.  And there's not one shred of

25  evidence to suggest otherwise."  Hr'g Tr. 9/26/2013 (Doc. 713) at 47:17-21; Hr'g Tr.

26

27      [2]The Court in *Rella v. N. Atl. Marine, Ltd*, 2004 WL 2480409 (SDNY) sanctioned attorneys
     who were working behind the scenes "with another attorney who takes on the public face of the
28  representation."  *Id.* at *7.  As discussed, *infra*, this is not the situation before this Court.

1  1/22/2015 (Doc. 919) 51:11-52:4.

2  **2.  ADEQ**

3       Conflict Defendants assert that "[t]his action is and always has been premised on an

4  effort to obtain ADEQ approval of RID's remediation in order to satisfy Plaintiff's burden

5  of proof in this action."  Conflict Def.'s Mot. to Disqual. (Doc. 854) at 13.  Furthermore,

6  Conflict Defendants now agree that there is nothing to suggest that G&K is somehow

7  performing the duties that Bonnett Fairbourn is responsible for in this litigation; rather, it is

8  G&K continued advocacy before the ADEQ, despite removal from this case, that warrants

9  removal.  Hr'g Tr. 1/22/2015 (Doc. 919) at 31:6-17.

10      ADEQ is an independent administrative agency of the State of Arizona.  It is neither

11  a party nor has any involvement in the matter before this Court.  Additionally, well-

12  established principles of comity and Federalism instruct this Court to refrain from

13  overreaching.  The Supreme Court of the United States has recognized:

14          [T]he notion of 'comity,' that is, a proper respect for state functions, a
            recognition of the fact that the entire country is made up of a Union of separate
15          state governments, and a continuance of the belief that the National
            Government will fare best if the States and their institutions are left free to
16          perform their separate functions in their separate ways.

17  *Younger v. Harris*, 401 U.S. 37, 44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971).  Comity in

18  this instance does not relate to the Court's authority to regulate attorneys vis-à-vis the

19  Arizona State Bar as an arbiter of the same, as suggested by Conflict Defendants, rather it

20  refers to the Court's authority to mandate who appears before an Arizona state agency.  *See*

21  Hr'g Tr. 1/22/2015 (Doc. 919) 64:23-65:12.  This Court is unable to find any legal authority

22  with which to justify extending its jurisdiction to disqualify attorneys involved in

23  proceedings before a state agency.  Indeed, Ninth Circuit authority, as well as principles of

24  comity and federalism, suggest such an extension would be improper.  *See, e.g., Wharton*,

25  127 F.3d at 1206; *Younger*, 401 U.S. at 44, 91 S.Ct. at 750.

26      In further support of their interpretation, Conflict Defendants rely on the difference

27  in language between G&K's *Ex Parte* Application for Substitution of Counsel with Client

28  Consent (Doc. 619) and Judge Ezra's Order (Doc. 620) granting the same.  Hr'g Tr.

1/22/2015 (Doc. 919) 23:21-24:2, 27:17-24, 60:11-63:8.   G&K sought "to withdraw completely as RID's counsel in this civil action to terminate the ongoing disqualification motion practice[.]" G&K's *Ex Parte* Appl. for Substitution of Counsel with Client Consent (Doc. 619) at 2.  Judge Ezra granted G&K's motion and denied as moot the pending motions regarding disqualification "[b]ecause G&K no longer represents Roosevelt Irrigation District in this case[.]" Order 5/21/2013 (Doc. 620).  Black's Law Dictionary defines a civil action as "[a] civil . . . judicial proceeding."  Black's Law Dictionary (9th ed. 2009).  Similarly, a case is defined as "[a] civil . . . proceeding, action, suit or controversy at law or in equity[.]" *Id.*  It is plain that the definitions of "case" and "civil action" are nearly identical.  As such, they do not support the import that Conflict Defendants place on the differing word choice.

Finally, Conflict Defendants argue that this is not a situation in which the Court is required "to reach out and grab somebody who is not appearing before you."  Hr'g Tr. 1/22/2015 (Doc. 919) at 60:11-17.  Rather, that they seek enforcement of the Court's prior Order to withdraw completely.  *Id.*  In such a case, the Court agrees with counsel for G&K, the proper mechanism then would be a formal Order to Show Cause, thereby providing G&K the "opportunity to present evidence and to cross-examine its accusers."  *See id.* at 54:6-12. Alternatively, Moving Defendants could institute disciplinary proceedings against G&K, or file a breach of contract claim against G&K.  *See Damron v. Herzog*, 67 F.3d 211, 213 (9th Cir. 1995).  The Court finds that G&K is not appearing in this litigation, and as such this is not the proper forum to address Conflict Defendants' concerns.

### 3.  The Fee Agreement

Conflict Defendants assert that the Fee Agreement "makes clear that G&K will: (1) continue to represent RID in other ways to help the Litigation succeed; (2) front costs for the Project, for example by paying consultants; and (3) be compensated only after successful outcome of the Project via 'Project Funds,' which include money obtained from the defendant PRPs and profits from the sale of remediated water."  Conflict Def.'s Mot. for Complete Disqualification Following Remand (Doc. 854) at 5.  As Plaintiff points out, and the Fee Agreement unequivocally states, G&K's representation of RID "in all matters related to the Project (expressly excluding in regard to the

Litigation).”  Conflict Def.'s Mot. for Complete Disqualification Following Remand (Doc. 854), Exh. "A" Redacted Fee Agreement at 3.  Furthermore, the Court's review of the unredacted Fee Agreement (Doc. 896) shows Conflict Defendants arguments are misplaced.  As Plaintiff asserts, "the plain language of the Fee Agreement makes it abundantly clear that G&K's involvement in the Project is to assist RID in navigating the complex legal issues and proceedings attendant to its overall efforts to clean up its wells in compliance with state and federal law – and that G&K's role *expressly excludes* any involvement in the litigation."  Pl.'s Response (Doc. 869) at 10 (emphasis in original); *see also* Hr'g Tr. 1/22/2015 (Doc. 919) at 41:3-24.  The Fee Agreement crystallizes G&K's relationship with RID in this regard, and provides payment "to the extent lawful and permissible."  Conflict Def.'s Mot. for Complete Disqualification Following Remand (Doc. 854), Exh. "A" at 3.

Moreover, Plaintiff has represented to this Court that "RID will not use the ADEQ proceedings to prove its substantial compliance with the NCP process."  Hr'g Tr. 1/22/2015 (Doc. 919) at 44:11-17, 47:11-18.  The Court finds that the Fee Agreement does not alter this assertion.  Accordingly, the terms of the Fee Agreement between G&K and RID does not change the Court's analysis, *supra*.

## III.    MOTION FOR SUPPLEMENTAL BRIEFING

Conflict Defendants have filed a Motion for Leave to File Supplemental Brief in Support of Conflict Defendants Motion for Complete Disqualification Following Remand (Doc. 967).  The Court will grant Conflict Defendants' motion to supplement, but will not require Plaintiff to file a response beyond their opposition to the motion for leave.

Conflict Defendants rely on Plaintiff's Initial Disclosure Statement disclosing David P. Kimball and/or other employees or representatives of Gallagher & Kennedy in support of their contention that G&K has not completely withdrawn from this litigation.  Plaintiff's disclosure of Mr. Kimball provides in relevant part:

> Gallagher & Kennedy is the District's legal counsel with respect to the remediation.  Mr. Kimball and/or other employees or representatives of Gallagher & Kennedy are believed to have discoverable information pertaining

to the District's efforts to remediate the contaminated groundwater in the WVBA WQARF Site, including but not limited to the actions taken by the District to perform the remediation.  Mr. Kimball and/or other employees or representatives of Gallagher & Kennedy are also expected to testify regarding the costs incurred by the District in performing actions in connection with the remediation and will authenticate billing records produced by the District.

Pl.'s Initial Rule 26(a) Discl. Statement (Doc. 967-2) § I.E.

Rule 26(a), Federal Rules of Civil Procedure, states that:

[A] party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Fed. R. Civ. P. 26(a)(1)(A)(i).  The advisory committee's notes to Rule 26 define the contours of this obligation as identifying witnesses and documents "that the disclosing party may use to support its claims or defenses."  Fed. R. Civ. P. 26, advisory committee's notes 2000 Amend. "'Use' includes any use at a pretrial conference, to support a motion, or at trial . . . [and] is also triggered by intended use in discovery[.]" *Id.*  Moreover, the plain language of the rule provides such disclosure is mandatory.

As the discussion in Section II, *supra*, indicates, it is undisputed that G&K was at one time counsel of record in this case, and currently has an ongoing relationship with Plaintiff beyond the confines of the instant case regarding the remediation of Plaintiff's wells.  Plaintiff's have acknowledged fees incurred by G&K and remediation costs may be sought by RID as an element of damages in this case.  This fact does not, however, change the Court's analysis as to whether G&K has been completely disqualified as counsel in this case.  Whether Mr. Kimball may properly testify at trial is a question that is premature, and unrelated to G&K acting as counsel before this Court or otherwise violating the Court's previous Orders regarding G&K's disqualification. Moreover, whether any alleged violation of the Arizona Rules of Professional Conduct by G&K requires disgorgement of any fees is also a matter to be determined at trial.  *See Shimko v. Goldfarb*, 2008 WL 2662465 (D. Ariz.).  As such, Plaintiff's disclosure of Mr. Kimball as a fact witness pursuant to Rule 26(a), Federal Rules of Civil Procedure does not change this Court's analysis regarding

1    G&K's complete disqualification.

2

3         Accordingly, IT IS HEREBY ORDERED that:

4         1.    Defendants Honeywell International, Inc., Corning Incorporated, Salt River

5    Project Agricultural Improvement and Power District, Dolphin Incorporated, Univar USA

6    Incorporated, Union Pacific Railroad Company, Freescale Semiconductor, Inc., Air Liquide

7    America Specialty Gases, LLC, and ChemResearch Company's Motion for Leave to File

8    Supplemental Brief in Support of Conflict Defendants Motion for Complete Disqualification

9    Following Remand (Doc. 967) is GRANTED;

10        2.    The Clerk of the Court shall file Conflict Defendants' Lodged: Proposed

11   Conflict Defendants' Supplemental Brief in Support of Motion for Complete Disqualification

12   Following Remand (Doc. 969) and Lodged: Exhibit 1 to Conflict Defendants' Supplemental

13   Brief in Support of Motion for Complete Disqualification Following Remand (Doc. 970); and

14        3.    Defendants Honeywell International, Inc., Corning Incorporated, Salt River

15   Project Agricultural Improvement and Power District, Dolphin Incorporated, Univar USA

16   Incorporated, Union Pacific Railroad Company, Freescale Semiconductor, Inc., Air Liquide

17   America Specialty Gases, LLC, and ChemResearch Company's Motion for Complete

18   Disqualification Following Remand (Doc. 854) is DENIED.

19        DATED this 23rd day of April, 2015.

20

21        _____

22        Bruce G. Macdonald
          United States Magistrate Judge

23

24

25

26

27

28