**WO**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| ROOSEVELT IRRIGATION DISTRICT, a political subdivision of the State of Arizona,<br><br>Plaintiff,<br><br>v.<br><br>SALT RIVER PROJECT AGRICULTURAL IMPROVEMENT AND POWER DISTRICT, *et al.*,<br><br>Defendants. | Case No. 2:10-CV-00290-DAE-BGM<br><br>**ORDER** |

Currently pending before the Court is Non-Party Errol L. Montgomery & Associates, Inc.'s Objection to Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action Served by Roosevelt Irrigation District (Doc. 1125) and its supplement thereto (Doc. 1137) (collectively "Montgomery Objections"). Defendant Salt River Project Agricultural Improvement and Power District ("SRP") filed its objection to the subpoena (Doc. 1120), as did Defendant Freescale Semiconductor, Inc. ("Freescale") (Doc. 1126). Plaintiff Roosevelt Irrigation District

("RID") filed its Response to the Montgomery Objections (Doc. 1146), and the Court heard oral argument on December 17, 2015.  Minute Entry 12/17/2015 (Doc. 1151).

## I. BACKGROUND

### A. *The 2009 Contract*

In March 2009, Montgomery and RID, as well as RID's counsel Gallagher & Kennedy ("G & K"), entered into a contract through which Montgomery was to serve RID and G & K as a technical consultant to implement RID's response strategy. Montgomery's Suppl. to Obj. (Doc. 1137), Consulting Services Agreement (Exh. "2"). "The main purpose of the response strategy [was] to systematically characterize the impact of groundwater contamination on the RID well field, distribution system, and water use and determine a plan to optimize water use to RID's benefit as part of the area-wide cleanup."  *Id.*, Exh. "2," Prelim. Scope of Services (Exh. "A") at 16.  "The second phase [was to] consist of a detailed evaluation of all RID wells, control system, distribution system, water demands, and area-wide groundwater data to develop a PRAP to optimize RID pumping and water use for containment of the groundwater containment plume in the West Van Buren WQARF Site and OU-3 CERCLA Site."  *Id.*, Exh. "2," Exh. "A" at 17.  At the time Montgomery and RID entered into the 2009 agreement, Montgomery disclosed to RID that it had pre-existing client relationships with Salt River Project, Arizona Public Service Corporation, Honeywell, and Motorola. *Id.*, Exh. "2," Exh. "A-1."  Each of these entities is now a defendant in the current lawsuit, with the exception of Motorola who is indemnified by Freescale Semiconductor.

2

### B. *Montgomery's Relationship to Synergy*

Dennis Shirley was Montgomery's Project Manager at the time that the March 2009 contract between Montgomery, RID, and G & K was made. In January 2010, Mr. Shirley left Montgomery and formed Synergy, a new hydrogeologic consulting firm. The hydrogeologic representation of RID moved with Mr. Shirley to Synergy. In 2011, Montgomery entered into a contract with Synergy to provide a groundwater model as part of the feasibility study. It is undisputed that the groundwater model Montgomery was contracted to develop was not a contaminate fate-and-transport model. Rather, the model was limited to attempting to quantify changes in the characteristics of the plume if RID altered the pumping volumes at a limited number of wells.

### C. *Discovery from Montgomery in the Current Litigation*

During the course of this litigation, Defendant City of Phoenix issued a subpoena for documents from Montgomery. As a result, Montgomery spent approximately $22,000.00 and in April 2015 produced its entire file from January 1, 2010 onward, providing it initially to Synergy, who in turn gave the file to Plaintiff RID's counsel for review. After review, Plaintiff RID's counsel disclosed those documents that were not confidential or privileged. A subsequent disclosure was made which apparently encompassed primarily e-mails.

Plaintiff RID's current subpoena seeks additional documents from Montgomery related to its relationships with certain defendants in this case. Plaintiff RID has modified and limited the breadth of documents sought since the initial service of the

3

subpoena on Montgomery. *See* Pl. RID's Response (Doc. 1146), Hanson Decl. (Exh. "A"), Exh. "3."

## II. ANALYSIS

Non-party Montgomery seeks an order from this Court quashing Plaintiff RID's subpoena for documents. As an initial matter, Montgomery claims that the requested discovery is not relevant. Montgomery further asserts that even if the requested documents were relevant, Plaintiff's request is not proportional to the needs of this litigation and poses an undue burden on it as a non-party.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "On timely motion, the court for the district court where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Although Rule 26(b)(1) allows for broad discovery, a litigant's right to that discovery is not unlimited. "District courts need not condone the use of discovery to engage in 'fishing expedition[s].'" *Rivera v. Nibco, Inc.*,

364 F.3d 1057, 1072 (9th Cir. 2004).  Toward this end, the Court has the inherent power to control discovery as it deems necessary.  *See Blackie v. Barrack*, 524 F.2d 891 (9th Cir. 1975).

### A. *Document Requests*

Plaintiff RID's revised subpoena, provided in red-lined form, seeks the production of ten (10) sets of documents.  *See* RID's Response to Montgomery Objections (Doc. 1146), Exh. "A," Exh. "3."  The Court will address each of these in turn.

### 1. Contracts

Plaintiff seeks production of "all contracts that you have entered with Motorola, Inc., Freescale Semiconductor, Inc., or Arizona Public Service since 2005.  RID's Response to Montgomery Objections (Doc. 1146), Exh. "A," Exh. "3" ¶ 1.  Despite the reduction in time, this request still seeks to reach back a decade for documents and that are not relevant to Plaintiff's claims in this case.  Plaintiff asserts that "[t]he information sought bears on the possibility that Montgomery was not neutral in its work for RID[;]" however, unlike the cases Plaintiff relies on, Montgomery is neither a party nor an expert witness in this litigation.  Furthermore, it is undisputed that RID was fully aware of the relationships that Montgomery had with certain defendants at the time that it entered in to the 2009 contract.  "Although irrelevance is not among the litany of enumerated reasons for quashing a subpoena found in Rule 45, courts have incorporated relevance as a factor when determining motions to quash a subpoena."  *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005).  "[I]f the sought-after documents are not relevant nor calculated to lead to the discovery of admissible evidence, then *any burden whatsoever*

5

imposed upon [a non-party] would be by definition 'undue.'" *Compaq Computer Corp. v. Packard Bell Electronics, Inc.*, 163 F.R.D. 329, 335–36 (N.D. Cal. 1995) (emphasis in original).

"A court may prohibit a party from obtaining discovery from a non-party if that same information is available from another party to the litigation." *Rocky Mountain Med. Mgmt., LLC v. LHP Hospital Group, Inc.*, 2013 WL 6446704 at *4 (D. Idaho, Dec. 9, 2013) (reviewing cases). Here, Defendants Freescale and Arizona Public Service also possess the contracts sought from non-party Montgomery. "If the party seeking the party seeking the information can easily obtain the same information without burdening the nonparty, the court will quash the subpoena." *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D. S.D. 2011). As such, the Court finds that Plaintiff's request places an undue burden on non-party Montgomery, and the subpoena shall be quashed as to this request.

### 2. Invoices

Plaintiff's second request seeks production of "invoices for all consulting work or services you have performed for Motorola, Inc., Freescale Semiconductor, Inc. or for Arizona Public Service since 2005." RID's Response to Montgomery Objections (Doc. 1146), Exh. "A," Exh. "3" ¶ 2. As discussed in the previous section, this request is unlimited in scope, and seeks information beyond Plaintiff's claims in this litigation. As such, it is not relevant. Furthermore, the Court finds it inappropriate to burden a non-party with production of information that is in the possession of defendants in this case.

6

Accordingly, the Court finds that Plaintiff's request places an undue burden on non-party Montgomery, and the subpoena shall be quashed as to this request.

### 3. Proposals or Bids

Plaintiff RID seeks production of "all documents which reflect, document, memorialize, or refer or relate to proposals or bids to perform consulting work or services for Motorola, Inc., Freescale Semiconductor, Inc. or Arizona Public Service since 2005." RID's Response to Montgomery Objections (Doc. 1146), Exh. "A," Exh. "3" ¶ 3. Plaintiff also seeks production of "all documents which reflect, document, memorialize, refer or relate to proposals or bids to perform consulting work or services for any of the CERCLA Action Defendants since 2005." *Id.*, Exh. "A," Exh. "3" ¶ 4. Based on the legal authority discussed in Section II.A.1., *supra*, the Court finds that this request is not relevant to Plaintiff's current claims, the documents are available from party defendants, and the requests place an undue burden on non-party Montgomery. Accordingly, the subpoena will be quashed as to these requests.

### 4. Communication Regarding West Van Buren Area Site

Plaintiff RID seeks production of "all documents which reflect, document, memorialize, refer or relate to any communication (in any form) between you and any representative of Motorola, Inc. or Freescale Semiconductor, Inc. regarding any aspect of your work for or with RID or Synergy on the West Van Buren Area Site." RID's Response to Montgomery Objections (Doc. 1146), Exh. "A," Exh. "3" ¶ 5. Plaintiff also seeks production of "all documents which reflect, document, memorialize, refer or relate to any communication (in any form) between you and any representative of any of the

7

CERCLA Action Defendants regarding any aspect of your work for or with RID or Synergy on the West Van Buren Area Site." *Id.*, Exh. "A," Exh. "3" ¶ 6. Non-party Montgomery avers that it has produced its entire file regarding this litigation from January 1, 2010 onward, and Plaintiff's counsel has reviewed that file. As such, to the extent that communication between Montgomery and Motorola, Inc., Freescale Semiconductor, Inc., or any other defendant was contained in that file, it is already in Plaintiff's possession. Any communication not contained in Montgomery's file would also be in the possession of a party defendant, and as such the Court finds it inappropriate to burden non-party Montgomery with its production. Accordingly, Plaintiff's subpoena will be quashed as to these requests.

### 5. Meetings

Plaintiff RID seeks production of "all documents which reflect, document, memorialize, refer or relate to any meetings attended by you and representatives of either Motorola, Inc. or Freescale Semiconductor, Inc. since 2005." RID's Response to Montgomery Objections (Doc. 1146), Exh. "A," Exh. "3" ¶ 7. Based on the legal authority discussed in Section II.A.1., *supra*, the Court finds that this request is not relevant to Plaintiff's current claims, the documents are available from party defendants, and the request places an undue burden on non-party Montgomery. Accordingly, the Court will quash Plaintiff's subpoena as to this request.

### 6. Communication with West Van Buren Working Group

Plaintiff RID seeks production of "all documents which reflect, document, memorialize, refer or relate to any communication (in any form) between you and any

8

member of the West Van Buren Working Group in the past ten (10) years." RID's Response to Montgomery Objections (Doc. 1146), Exh. "A," Exh. "3" ¶ 8. With regard to members of the West Van Buren Working Group who are not defendants in this lawsuit and with whom Montgomery had no prior working relationship, the information sought is irrelevant and overbroad. As to those members who are currently defendants in this litigation and based on the legal authority discussed in Section II.A.1., *supra*, the Court finds that this request is not relevant to Plaintiff's current claims, the documents are available from party defendants, and the requests place an undue burden on non-party Montgomery. Accordingly, the Court will quash Plaintiff's subpoena as to this request.

### 7. Communication with Tim Leo

Plaintiff RID seeks production of "all documents which reflect, document, memorialize, refer or relate to any communication (in any form) [sic] Tim Leo or any other Montgomery & Associates representative or employee and John Barkett or any other attorney with the law firm of Shook, Hardy & Bacon since 2004 regarding your work for any entity involved in the West Van Buren Area Site or the M-52 Superfund Site." RID's Response to Montgomery Objections (Doc. 1146), Exh. "A," Exh. "3" ¶ 9. As an initial matter, Montgomery asserts that there "are no documents relating to any communications with Freescale's attorney." Montgomery's Suppl. Obj. (Doc. 1137) at 7. Moreover, based on the legal authority discussed in Section II.A.1., *supra*, the Court finds that this request is not relevant to Plaintiff's current claims, the documents are available from party defendants, and the request places an undue burden on non-party Montgomery. Accordingly, the Court will quash Plaintiff's subpoena as to this request.

### **8. Modifications, Clarifications, and Alterations**

Plaintiff RID seeks production of "all documents which reflect, document, memorialize, refer or relate to any modifications, clarifications, [sic] alterations you have made to reports or documents you created or compiled in connections with your work for IRD or Synergy on the West Van Buren Area Site." RID's Response to Montgomery Objections (Doc. 1146), Exh. "A," Exh. "3" ¶ 9. To the extent that they exist, Montgomery asserts that these documents have been included in the production to the City of Phoenix. Montgomery's Suppl. Obj. (Doc. 1137) at 7. As such, Plaintiff has already reviewed them and is in possession of them. Accordingly, the Court finds that because the documents have already been produced in this litigation, the request places an undue burden on non-party Montgomery. The Court will quash Plaintiff's subpoena as to this request.

### *B.     Defendants' Objections*

Defendants Salt River Project and Freescale Semiconductor objected to the subpoena in writing and at oral argument, and Defendant Honeywell also voiced its objection to the scope of the subpoena at the hearing. In light of the Court's findings regarding relevance and burden to non-party Montgomery, it declines to address Plaintiff's opposition, on procedural grounds, to these Defendants' objections.

### **III.    CONCLUSION**

Based on the foregoing, the Court finds it appropriate to QUASH Plaintiff RID's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of

10

Premises in a Civil Action Served by Roosevelt Irrigation District upon Third-Party Errol L. Montgomery, Inc. in its entirety.

Dated this 14th day of January, 2016.

_____
Honorable Bruce G. Macdonald
United States Magistrate Judge