G. Van Velsor Wolf Jr. (#07530)
Michael K. Foy (#032736)
**SALMON, LEWIS, & WELDON, P.L.C.**
2850 East Camelback Road, Suite 200
Phoenix, Arizona 85016
Telephone: 602-801-9075
Facsimile: 602-801-9070
Email: vvw@slwplc.com

*Attorneys for Defendant Air Liquide
America Specialty Gases, L.L.C.*

Christopher D. Thomas (#010482)
Matthew L. Rojas (#025030)
**SQUIRE PATTON BOGGS (US) LLP**
One East Washington Street, Suite 2700
Phoenix, Arizona 85004
Telephone: 602-548-4000
Facsimile: 602-253-8129
Email: Chris.thomas@squirepb.com
Email: Matthew.rojas@squirepb.com

*Attorneys for Defendant City of Phoenix*

Stephen L. Wetherell (#015353)
Phoenix City Attorney's Office
Civil Division
200 West Washington Street, Suite 1300
Phoenix, Arizona 85003-1611
Telephone: 602-262-6761
Facsimile: 602-534-2476
Email: Stephen.wetherell@phoenix.gov

*Attorneys for Defendant City of Phoenix*

Thomas Loquvam
**PINNACLE WEST CAPITAL
CORPORATION**
Post Office Box 53999 MS8695
Phoenix, Arizona 85072-3999
Telephone: 602-250-3616
Facsimile: 602-250-3393
Email: Thomas.Loquvam@pinnaclewest.com

*Attorneys for Defendant Arizona Public
Service Company*

Mitchell Klein (#007430)
J. Matthew Derstine (#011448)
Timothy J. Sabo (#021309)
**SNELL & WILMER LLP**
One Arizona Center
400 East Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602-382-6000
Facsimile: 602-382-6070
Email: mjklein@swlaw.com
Email: mderstine@swlaw.com
Email: tsabo@swlaw.com

*Attorneys for Defendant Arizona Public
Service Company*

(Additional counsel listed on next pages)

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Roosevelt Irrigation District, a political subdivision of the State of Arizona,<br><br>           Plaintiff,<br><br>   v.<br><br>Salt River Project Agricultural Improvement and Power District, et al.,<br><br>           Defendants. | No. 2:10-CV-00290-PHX-DAE (BGM)<br><br>**STATEMENT OF FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE: PLAINTIFF'S REMAINING CLAIMED COSTS**<br><br>**(Oral Argument Requested)**<br><br>**REDACTED PUBLIC VERSION** |

Shane R. Swindle (#011738)
Michael P. Berman (#005861)
P. Derek Petersen (#025683)
**PERKINS COIE LLP**
2901 North Central Avenue, Suite 2000
Phoenix, Arizona  85012-2788
Telephone:  602-351-8000
Facsimile:  602-648-7000
Email: SSwindle@perkinscoie.com
Email: MBerman@perkinscoie.com
Email: PDPetersen@perkinscoie.com

*Attorneys for Defendant Corning
Incorporated*

Troy B. Froderman (#012717)
Jonathan G. Brinson (#025045)
**POLSINELLI PC**
One East Washington, Suite 1200
Phoenix, Arizona 85004
Telephone: 602-650-2000
Facsimile: 602-264-7033
Email: tfroderman@polsinelli.com
Email: jbrinson@polsinelli.com

*Attorneys for Defendant Dolphin
Incorporated*

---

Mitchell J. Klein (#007430)
**SNELL & WILMER L.L.P.**
400 East Van Buren Street, Suite 1900
Phoenix, Arizona 85004
Telephone: 602-382-6000
Facsimile: 602-253-8129
Email: mjklein@swlaw.com

*Attorneys for Defendant Dolphin
Incorporated*

John M. Barkett (FL #197548)
**SHOOK, HARDY & BACON LLP**
201 South Biscayne Boulevard, Suite 3200
Miami, Florida 33131
Telephone: 305-960-6931
Facsimile: 305-358-7470
Email:  jbarkett@shb.com

*Attorneys for Defendant Freescale
Semiconductor, Inc.*

---

Karen S. Gaylord (#010621)
**JENNINGS, HAUG & CUNNINGHAM
LLP**
2800 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-1049
Telephone: (602) 234-7800
Email: ksg@jhc-law.com

*Attorneys for Defendant Honeywell
International Inc.*

Sean Morris (*Pro Hac Vice*)
Eric D. Mason (*Pro Hac Vice*)
Sean A. McCormick (*Pro Hac Vice*)
**ARNOLD & PORTER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: 213-243-4000
Email: sean.morris@aporter.com
Email: eric.mason@aporter.com
Email: sean.mccormick@aporter.com

*Attorneys for Defendant Honeywell
International Inc.*

---

Mitchell J. Klein (#007430)
Maribeth M. Klein (#023943)
**SNELL & WILMER L.L.P.**
400 East Van Buren Street, Suite 1900
Phoenix, Arizona 85004
Telephone: 602-382-6000
Facsimile: 602-253-8129
Email: mjklein@swlaw.com
Email: mmklein@swlaw.com

*Attorneys for Defendant ITT Corporation*

John M. Pearce (#012300)
Scott K. Ames (#014943
**FENNEMORE CRAIG PC**
2394 East Camelback Road, Suite 600
Phoenix, Arizona 85016-3429
Telephone: 602-916-5000
Facsimile: 602-916-5510
Email: sames@fclaw.com
Email: jpearce@fclaw.com

*Attorneys for Defendant Kinder Morgan
Energy Partners, LP*

| | |
|---|---|
| J. Kenneth Mangum (#003077)<br>Ann Thompson Uglietta (#013696)<br>Deputy County Attorneys<br>Civil Services Division<br>Maricopa County Attorney's Office<br>222 North Central Avenue, Suite 1100<br>Phoenix, Arizona 85004<br>Telephone: 602-506-8541<br>Facsimile: 602-506-8567<br>Email: mangumk@mcao.maricopa.gov<br>Email: Uglietta@mcao.maricopa.gov<br><br>*Attorneys for Defendant Maricopa County* | Jerry D. Worsham II (#015594)<br>**THE CAVANAGH LAW FIRM, P.A.**<br>1850 North Central Avenue, Suite 2400<br>Phoenix, Arizona 85004<br>Telephone: 602-322-4040<br>Facsimile: 602-322-4105<br>Email: jworsham@cavanaghlaw.com<br><br>*Attorneys for Defendant Meritor, Inc.* |
| Christopher L. Callahan (#009635)<br>Phillip F. Fargotstein (#006679)<br>Scott K. Ames (#014943)<br>**FENNEMORE CRAIG PC**<br>2394 East Camelback Road, Suite 600<br>Phoenix, Arizona 85016-3429<br>Telephone: 602-916-5000<br>Facsimile: 602-916-5510<br>Email: ccallaha@fclaw.com<br>Email: sames@fclaw.com<br>Email: pfargots@fclaw.com<br><br>*Attorneys for Defendant Nucor Corporation* | Carla A. Consoli (#013798)<br>Stanley B. Lutz (#021195)<br>Marla Hudgens (#032295)<br>**LEWIS ROCA ROTHGERBER<br>CHRISTIE LLP**<br>201 East Washington Street, Suite 1200<br>Phoenix, Arizona 85004-2595<br>Telephone: 602-262-5311<br>Fax: 602-262-5747<br>Email:  cconsoli@lrrc.com<br>Email:  sblutz@lrrc.com<br>Email:  mhudgens@lrrc.com<br><br>*Attorneys for Defendant Prudential Overall<br>Supply* |
| Matthew G. Ball (CA #208881)<br>Jason N. Haycock (CA #278983)<br>**K&L GATES, LLP**<br>Four Embarcadero Center, Suite 1200<br>San Francisco, California 94111<br>Telephone: 415-882-8200<br>Facsimile: 415-882-8220<br>Email: Matthew.ball@klgates.com<br>Email: Jason.haycock@klgates.com<br><br>*Attorneys for Defendant Reynolds Metals<br>Company* | David J. Armstrong (#017111)<br>Craig C. Hoffman (#026017)<br>Lea A. Phillips (#029006)<br>**BALLARD SPAHR LLP**<br>1 East Washington Street, Suite 2300<br>Phoenix, Arizona 85004-2555<br>Telephone: 602.798.5400<br>Facsimile: 602.798.5595<br>Email: armstrongd@ballardspahr.com<br>Email: hoffmanc@ballardspahr.com<br>Email: phillipsla@ballardspahr.com<br><br>*Attorneys for Defendant Salt River Project<br>Agricultural Improvement and Power<br>District* |

Joshua Levine (CA #171840)
**BOOTH LLP**
1849 Sawtelle Boulevard, Suite 500
Los Angeles, California 90025
Telephone: 310-641-1800
Facsimile: 310-641-1818
Email: JLevine@boothllp.com

*Attorneys for Defendant Textron, Inc.*

William W. Pearson (#012845)
**PEARSON LAW GROUP LLC**
1221 East Osborn Road, Suite 101
Phoenix, Arizona 85014
Telephone: 602-237-5405
Facsimile: 602-688-5488
Email: Wink@pearsonlg.com

*Attorneys for Defendant Union Pacific Railroad Company*

Michelle Ulick Rosenthal (WSBA #35439)
Gregory T. Hixson (WSBA #39223)
Denver R. Gant (WSBA #38552)
Attorneys *Pro Hac Vice*
**VERIS LAW GROUP PLLC**
1809 Seventh Avenue, Suite 1400
Seattle, Washington 98101
Telephone: 206-829-9590
Facsimile: 206-829-9245
Email: Michelle@verislawgroup.com
Email: Greg@verislawgroup.com
Email: Denver@verislawgroup.com

*Attorneys for Defendant Univar USA Inc.*

Pursuant to Fed. R. Civ. P. 56 and LR Civ. 56.1, Defendants submit the following Statement of Facts ("SOF") in support of their contemporaneously filed Motion for Partial Summary Judgment re: Plaintiff's Remaining Claimed Costs (the "Second MSJ re Costs").[1]

1.     Defendants' previously-filed Motion for Partial Summary Judgment re: Plaintiff's Claimed Past Costs (Dkt. 1110 (the "First MSJ re Costs")) challenges six categories of costs claimed by Plaintiff RID, which, as of the time that Motion was filed, collectively constituted $15,029,878.09 out of RID's total cost claim of $16,292,316.93 (neither of which amounts included any claimed interest).   [Dkt. 1111 (Defendants' Statement of Facts in Support of First MSJ re Costs (the "First SOF re Costs")) ¶¶ 1-7 and Ex. 1 thereto at Ex. A]

2.     After Defendants filed the First MSJ re Costs, RID served its Second Supplemental Rule 26(a) Disclosure Statement, dated November 4, 2015.  [Ex. 1 (Excerpts of 11/4/15 Second Supplemental Rule 26(a) Disclosure Statement ("Second Suppl. DS"))]

3.     RID's Second Supplemental Disclosure Statement decreased its total claimed response costs (exclusive of any claimed interest) to $16,078,118.28, with $14,747,190.70 of that amount falling within the six categories challenged in the First MSJ re Costs.  [*Id.* at 53 and Ex. A thereto]

4.     Thus, as of the date RID served its Second Supplemental Disclosure Statement, the portion of RID's claimed costs that were not challenged by the First MSJ re Costs (the "Remaining Claimed Costs") totaled $1,330, 927.58.  [*See* SOF ¶ 3 above]

5.     On March 15, 2016, RID served its Fourth Supplemental Disclosure Statement, which did not change the amount of RID's cost claim, but with which RID produced, among other things, various documents relating to its Remaining Claimed Costs, including time records relating to RID's Superintendent, Donovan Neese; invoices from consultants EUSI, Inc. ("EUSI"), Stantec, Inc. ("Stantec"), and Synergy Environmental

---

[1]   The Defendants on whose behalf the Second MSJ re Costs and this Statement of Facts are being submitted are listed in that MSJ (at 1, n.1).

1    ("Synergy"); and invoices from law firms Burch & Cracchiolo, PA ("B&C") and Ryley,

2    Carlock & Applewhite, PC ("RC&A").

3         6.     On July 8, 2016, RID served responses to interrogatories propounded by

4    Defendant U.S. Department of Energy ("RID's Responses to DOE's Interrogatories"), and

5    responses to requests for production of documents also propounded by Defendants U.S.

6    Department of Energy ("RID's Responses to DOE's RFPs").  [Ex. 2 ("RID's Responses to

7    DOE's Interrogatories"); Ex. 3 ("RID's Responses to DOE's RFPs")]

8         7.     In RID's Responses to DOE's Interrogatories, RID increased its total claimed

9    response costs (exclusive of any claimed interest) by $1,681,881.72, from $16,078,118.18

10   to $17,760,000.00.  [Ex. 2 at 4]

11        8.     RID's Responses to DOE's Interrogatories state:

12

13   The $17,760,000 figure above differs from the total figure ($16,078,118.18)
     in the most recent version of Exhibit A (p. A-12) [to the Second
14   Supplemental Disclosure Statement] for the following reasons:

15   A.  The current figure includes costs incurred between July 1, 2015 and April
     30, 2016. These costs are documented by invoices being produced in
16   response to the DOE's First Set of Requests for Production.

17   B.  RID has reviewed certain billings that were included in the "District
     General Response Costs" (outlined in Exhibit A as part of Activity 5, p. A-5).
18   This review included invoices submitted by EUSI, Burch & Cracchiolo and
     Ryley Carlock Applewhite.  The result of this review is a reduction in the
19   amount of the total billings from each entity. The amount of the reductions
     can be discerned in copies of the billings themselves, which are being
20   re-produced in response to the DOE's First RFP.

21   [*Id*. at 4-5]

22        9.     The net $1,681,881.72 increase to RID's cost claim, as referenced in SOF ¶ 7

23   above, is the combined result of an increase of $1,842,773.93 in claimed costs that fall

24   within the six categories challenged by the First MSJ re Costs, and a decrease of

25   $160,892.11 in the total amount of RID's Remaining Claimed Costs.  [*See* SOF ¶¶ 10-12

26   below]

27        10.    In support of RID's increase in the portion of its claimed costs that fall within

28   the six categories challenged by the First MSJ re Costs, with RID's Responses to DOE's

1    RFPs RID produced additional invoices from Spinnaker Holdings ("Spinnaker"), Synergy,

2    and West Valley View (submitted to Lawrence Moore ("LM&A")) covering the period July

3    1, 2015-April 30, 2016, and stated that it also intends to produce at a later time additional

4    invoices from law firm Gallagher & Kennedy ("G&K").  [Ex. 3 at 3-4]

5          11.    With RID's Responses to DOE's RFP's, RID also produced revised versions

6    of previously produced invoices from EUSI, B&C, and RC&A, which reduced the amounts

7    being claimed by RID for certain of those invoices, and also produced additional invoices

8    from those entities for the period July 1, 2015-April 30, 2016.  [Ex. 2 at 4-6; Ex. 3 at 3-4]

9          12.    The net effect of the reductions referenced in SOF ¶ 11 above, combined with

10   the amounts of the additional invoices from the entities referenced in SOF ¶¶ 10-11 above,

11   is to reduce the total amount of RID's claimed "District General Response Costs" (outlined

12   in the Second Supplemental Disclosure Statement, Exhibit A as part of Activity 5, p. A-5)

13   by $160,892.11—*i.e.*, from the $646,268.88 set forth in RID's Second Supplemental

14   Disclosure Statement, to a current claimed amount of $485,376.77.  [Ex. 3 at 4; Ex. 4

15   (Tables showing amounts of reduction in billings, RID111197-202)]

16         13.    As a result of the $160,892.11 net reduction in the current amount of RID's

17   claimed District General Response Costs, the total amount of the Remaining Claimed Costs

18   that are challenged by this Second MSJ re Costs has been correspondingly reduced, from

19   the previous amount of $1,330, 927.58 as set forth in SOF ¶ 4 above, to a current amount of

20   $1,170,035.47.

21                      **CERCLA § 114(b) Offset**

22         14.    By letter to the Arizona Department of Environmental Quality (the "ADEQ")

23   dated January 9, 2013, RID requested $250,000.00 from the State of Arizona's Water

24   Quality Assurance Revolving Fund ("WQARF") "pursuant to [A.R.S. §] 49-282.E.11," as

25   "reimbursement" for claimed response costs (the "2013 Application to ADEQ").  [Ex. 5

26   (01/09/13 letter to ADEQ); Declaration of David P. Kimball III [of G&K] in Support of

27   Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment on Incurred

28   Costs (Dkt. 1132-3) ("Kimball Decl.") at Ex. 1, ¶ 100]

15.     In response to RID's 2013 Application to ADEQ, on or about August 7, 2013, the ADEQ issued, "[i]n accordance with A.R.S. §49-282.E.11," a "reimbursement" check to RID in the amount of $250,000.00.  [Ex. 2 at 7; Ex. 6 (08/07/13 letter from ADEQ); Kimball Decl. at Ex. 1, ¶ 112]

16.     By letter to the ADEQ dated February 28, 2014, a request was made on behalf of RID "pursuant to A.R.S. § 49-282.E.11" for a "reimbursement" from WQARF for claimed response costs, in the amount of $250,000.00 (the "2014 Application to ADEQ"). [Ex. 7 (02/28/14 letter to ADEQ); Kimball Decl. at Ex. 1, ¶ 123]

17.     In response to the 2014 Application to ADEQ, on or about July 11, 2014 the ADEQ issued, "pursuant to A.R.S. §49-282.E.11," a "reimbursement" check to RID in the amount of $178,635.77.  [Ex. 2 at 7; Ex. 8 (06/18/14 ADEQ Reimbursement with 07/11/14 check); Kimball Decl. at Ex. 1, ¶ 132]

18.     By letter to the ADEQ dated April 30, 2015, a request was made on behalf of RID "pursuant to A.R.S. § 49-282.E.11" for a "reimbursement" from WQARF for claimed response costs, in the amount of $250,000.00 (the "2015 Application to ADEQ").  [Ex. 9 (04/30/15 letter to ADEQ); Kimball Decl. at Ex. 1, ¶ 146]

19.     In response to the 2015 Application to ADEQ, on or about July 21, 2015 the ADEQ issued, "pursuant to A.R.S. §49-282.E.11," a "reimbursement" check to RID in the amount of $195,458.98.  [Ex. 2 at 7; Kimball Decl. at Ex. 1, ¶ 150]

**"ADEQ Oversight Costs" Paid by G&K**

20.     RID's Remaining Claimed Costs include payments totaling $83,810.08 made to the ADEQ for what RID's disclosures describe as "ADEQ Oversight Costs."  [Ex. 1 (Second Suppl. DS) at Ex. A, A-4 & A-5; Ex. 10 (02/12/16 letter from RID's Counsel) at 3]

21.     G&K made the above-referenced $83,810.08 in payments to the ADEQ from "Project Funds" (as defined in the RID-G&K Fee Agreement).  [Kimball Decl. at Ex. 1, ¶¶ 87, 96, 103, 124, 125, 130, 137, 140, 144, 147; RID-G&K Engagement Letter (Dkt. 895-1) at 3-6]

22.     RID has not produced or disclosed any cancelled checks, wire-transfer documentation, or other proof of any payment by RID of any portion of the above-referenced $83,810.08 amount.

23.     RID also has not produced or disclosed any evidence that it has any existing, non-contingent obligation to pay or reimburse G&K for G&K's payment of any portion of the above-referenced $83,810.08 amount.

24.     Under the RID-G&K Fee Agreement, G&K's representation of RID in this matter is "on a pure 'contingency' basis" and "without any direct payment obligation" of RID to G&K, including with respect to costs or fees incurred by G&K; and G&K will be compensated, if at all, from "Project Funds" (as defined in the RID-G&K Fee Agreement), if and only if sufficient Project Funds are ultimately obtained from sources other than RID. [First SOF re Costs ¶¶ 12-15; RID-G&K Engagement Letter (Dkt. 895-1) at 3-6]

**Claimed "Task 2 Costs"**

25.     RID's Second Supplemental Disclosure Statement describes $530,388.07 of RID's Remaining Claimed Costs as "costs associated with Task 2 well investigations," or "Task 2 Costs." [Ex. 1 at Ex. A, A-2]

26.     According to RID's counsel, "Task 2 costs are associated with the installation of RID Well 111-R to replace RID Well 111." [Ex. 10 (02/12/16 letter from RID's Counsel) at 2]

27.     RID's Superintendent, Donavan Neese, testified that "[RID] sometimes ha[s] to redrill a well" "[a]nd that's just part of normal operations," "[b]ecause you've got a certain level of demand and you need to keep the water supply up, and if you have wells that go down or go out of service, you may have to drill a new one." [Ex. 11 (Deposition Transcript Excerpts of Donovan Neese ("Neese Dep.") at 83:13-21)]

28.     The original RID Well 111 was constructed in 1943. [Ex. 12 (Deposition Transcript Excerpts of Joel Peterson ("Peterson Dep.") at 700:3-5 ("Q:  When was the original 111 constructed?  Does that tell us?  A:  In 1943."))]

29.   RID's former Superintendent, Stan Ashby, testified that in or about 2003 the original RID Well 111 "collapsed," "died of old age," and became "no longer functional or serviceable."  [Ex. 13 (Deposition Transcript Excerpts of Stanley Ashby ("Ashby Dep.") at 108:12-18); Ex. 12 Peterson Dep. at 592:10-18)]

30.   RID completed its replacement of RID Well 111 with RID Well 111-R in 2012.  [Ex. 12 (Peterson Dep. at 589:17-21)]

31.   Well 111-R provides RID 3,000 gallons/minute of additional water, which RID sells to its irrigation customers.  [Ex. 12 (Peterson Dep. at 698:11-13) ("[RID] installed replacement Well 111R . . . and it produced at least 3,000 gallons a minute."); Ex. 11 (Neese Dep. at 105:11-16 ("Q:  But you don't use Well 111R in the remediation process, do you? You don't treat that water?  A:  That is not treated.  Q:  And you provide that water to your irrigation customers?  A:  Yes, we do."); 84:20-24 ("Q:  And the water from Well 111R is provided to RID's irrigation customers, residential customers, municipal customers, construction customers; correct?  A:  Correct, as commingled as part of the rest of the canal."))]

32.   RID's Superintendent, Donavan Neese, testified that "[Well 111R water] is not treated" as part of RID's remediation program.  [Ex. 11 (Neese Dep. at 105:11-13; *see also id*. at 84:15-24 ("the water from Well 111R is not treated at the wellhead"))]

33.   "[A]t the time of the ERA ["Early Response Action"] or Modified ERA" conditionally approved by the ADEQ, RID never "anticipated Well 111 to be one of the wells subject to treatment."  [Ex. 14 (Deposition Transcript Excerpts of Dennis Shirley at 836:2-4)]

34.   RID's former Superintendent, Stan Ashby, testified that, to work on its well system, "[RID] would shut down the . . . whole system," including "shut[ting] down all the pumps."  [Ex. 13 (Ashby Dep. at 110:9-17)]

35.   The ADEQ's conditional approval of RID's Phase 1 Well Investigation Work Plan did not require RID to perform well investigation in the summertime, when

demand for irrigation water is high; rather, it recognized and accommodated RID's desire to meet its irrigation customers' demand for water, stating:

> ADEQ believes it would be beneficial to conduct all the testing at each well at the same time but will leave the exact timing of testing to RID's discretion. ADEQ understands the need for RID's flexibility concerning water supply demands. . . . ADEQ is approving this abridged workplan to ensure that RID can conduct work during this time of operational shut down for the winter months. . . . If conditions exist that all the RID wells are not needed to meet production demands in February, ADEQ requests that RID continue with this investigation until completed.

[Ex. 15 (12/16/10 ADEQ letter to Shirley re Review of Well Investigation Work Plan), at General Comment 1 & Specific Comment 2]

**Claimed "District General Response Costs"**

36.     In its Second Supplemental Disclosure Statement, RID described $646,268.88 of its Remaining Claimed Costs as "[a]ll other RID general response costs except those listed in Activity 1 and 2," or "District General Response Costs"; however, RID has now reduced that $646,268.88 amount to $485,376.77. [*See* SOF ¶¶ 7-12 *supra* and Ex. 1 at Ex. A thereto]

37.     In the documents RID has produced in support of its claimed $485,376.77 in "District General Response Costs" under "Activity 5," RID relies on certain Synergy invoices, totaling $29,349.62, that it also relies on (with different Bates numbers) in support of its claimed "RID Water Quality Monitoring Costs" under "Activity 1":

| Invoice Date | Invoice Amount | "Activity 1" "Water Quality Monitoring Costs" | "Activity 5" "District General Response Costs" |
|---|---|---|---|
| 6/13/11 | $4,369.00 | SYN056769-775 | RID110398-404 |
| 10/5/11 | $5,051.69 | SYN056776-785 | RID110373-380 |
| 10/11/12 | $4,763.29 | SYN056736-744 | RID110246-254 |
| 5/5/13 | $5,417.21 | SYN056745-751 | RID110206-212 |
| 10/4/13 | $4,742.16 | SYN056752-759 | RID110141-148 |
| 4/8/14 | $5,006.27 | SYN056760-768 | RID110096-105 |
| **Totals** | **$29,349.62** | | |

[Ex. 16 (RID's Fifth Supplemental Rule 26(a) Disclosure Statement) at 39; *compare* Ex. 17 (SYN056736-92) *with* Ex. 18 (RID110398-404, RID110373-80, RID110246-54, RID110206-12, RID110141-48, RID110096-105)]

38.     RID has not produced any records to substantiate the $21,835.84 portion of its claimed District General Response Costs that relates to time spent by RID's former Superintendent, Stan Ashby.  [Ex. 11 (Neese Dep. at 115:9-14 ("Q:  Do you recall that Mr. Ashby didn't have any time records?  A:  Yes."))]

39.     Regarding its claim for $21,835.84 of Mr. Ashby's time, RID relies solely on an after-the-fact estimate of the portions of his time that RID claims he spent on remediation activities during 2009-2011.  [Ex. 11 (Neese Dep. at 115:12-14 ("Q:  So how . . . was the figure shown in [Exhibit] 394 [for Mr. Ashby's internal labor costs] arrived at?  A:  I believe those were an estimate of his hours.")); Ex. 19 (RID110574) (conceding RID's reliance on after-the-fact estimates of Mr. Ashby's time)]

40.     RID's counsel has acknowledged in papers filed with this Court that "fees incurred as 'litigation expenses' or 'in pursuing litigation'" including "legal services performed in connection with [settlement] negotiations" "are not properly included in recoverable CERCLA costs," and that "RID does not intend to seek such attorneys' fees." [Dkt. 315 at 6 (citing *Key Tronic Corp. v. United States*, 511 U.S. 809, 820 (1994))]

41.     RID's counsel also has acknowledged in papers filed with this Court, as well as in a deposition in this case, that RID "is not . . . seeking to recover in this action any of the costs attendant to selling or conveying drinking water to customers"; "[it] seeks only the necessary costs incurred in remediating groundwater."  [Dkt. 1171 at 2, 10; *see also* Ex. 20 (Madole Dep. at 281:7-282:16)]

42.     RID's Superintendent, Donovan Neese, acknowledged in his deposition that the documents RID has produced in support of its claimed District General Response Costs include amounts relating to litigation, and to efforts to market or convey drinking water to end-users.  [*See, e.g.*, Ex. 11 (Neese Dep. at 99:11-100:17, 109:5-23)]

43. The documents RID has produced in support of its claimed District General Response Costs confirm that they include amounts relating to litigation, and to efforts to market or convey drinking water to end-users. For example, RID's District General Response Cost documentation includes a January 17, 2012 ████ invoice with $████ for the "████ Litigation" [Ex. 21 (RID110361-65)]—which is a lawsuit involving RID that does not relate to this case or to groundwater remediation. [Ex. 11 (Neese Dep. at 14:13-15:4)]

44. The documents RID has produced in support of its claimed District General Response Costs also contain other entries relating to litigation and/or efforts to market or convey drinking water to end-users, including the following:

| Date | RID ████ | Description(s) | Hours/ Hourly Rate or Invoice Amount | Bates Number |
|---|---|---|---|---|
| ████ | ████ | ████ | ████ | RID110562 |
| ████ | | ████ | ████ | RID110563 |
| ████ | | ████ | ████ | RID110563 |
| ████ | | ████ | ████ | RID110563 |
| ████ | ████ | ████ | ████ | RID110563 |
| ████ | ████ | ████ | ████ | RID110563 |
| ████ | ████ | ████ | ████ | RID110563 |
| ████ | ████ | ████ | ████ | RID110563 |
| ████ | ████ | ████ | ████ | RID110563 |
| ████ | ████ | ████ | ████ | RID110563 |
| ████ | ████ | ████ | ████ | RID110563 |

| Date | RID ███ | Description(s) | Hours/ Hourly Rate or Invoice Amount | Bates Number |
|---|---|---|---|---|
| ███ | ███ | ███ | ███ | RID110563 |
| ███ | ███ | ███ | ███ | RID110563 |
| ███ | ███ | ███ | ███ | RID110563 |
| ███ | ███ | ███ | ███ | RID110563 |
| ███ | ███ | ███ | ███ | RID110564 |
| ███ | ███ | ███ | ███ | RID110564 |
| ███ | ███ | ███ | ███ | RID110564 |
| ███ | ███ | ███ | ███ | RID110564 |
| ███ | ███ | ███ | ███ | RID110564 |
| ███ | ███ | ███ | ███ | RID110564 |
| ███ | ███ | ███ | ███ | RID110564 |
| ███ | ███ | ███ | ███ | RID110564 |
| ███ | ███ | ███ | ███ | RID110564 |
| ███ | ███ | ███ | | RID110565 |
| ███ | ███ | ███ | ███ | RID110565 |
| ███ | ███ | ███ | ███ | RID110565 |
| ███ | ███ | ███ | ███ | RID110565 |
| ███ | ███ | ███ | ███ | RID110565 |
| ███ | ███ | ███ | ███ | RID110565 |
| ███ | ███ | ███ | ███ | RID110565 |
| ███ | ███ | ███ | ███ | RID110565 |

| Date | RID ██ | | Description(s) | Hours/ Hourly Rate or Invoice Amount | Bates Number |
|---|---|---|---|---|---|
| ██ | ██ | | ██████████████ | | RID110565 |
| ██ | ██ | | ████████████ | ████ | RID110565 |
| █████████ | | | ████████████ | ████ | RID110565 |
| █████████ | | | ████████████ | ████ | RID110565 |
| █████████ | | | █████████████ | ████ | RID110565 |
| █████████ | | | ██████████ | ████ | RID110565 |
| ████ | ██ | | ████████████ | ████ | RID110565 |
| ████ | ██ | | █████████ | ████ | RID110565 |
| █████████ | | | ██████████ | ████ | RID110565 |
| ████████ | | | ████████ | ████ | RID110565 |
| ██ | ██ | | ████████████ | ████ | RID110565 |
| ████ | ██ | | █████████████ | ████ | RID110565 |
| ████ | ██ | | █████████ | ████ | RID110565 |
| ████ | ██ | | █████████ | ████ | RID110565 |
| ████ | ██ | | ████████████ | ████ | RID110565 |
| ████ | ██ | | ██████████ | | RID110566 |
| ████ | ██ | | ████████ | ████ | RID110566 |
| ████ | ██ | | █████████████ | | RID110566 |
| ████ | ██ | | ██████████ | ████ | RID110566 |
| ████ | ██ | | ██████████ | | RID110566 |
| ████ | ██ | | ██████████ | ████ | RID110566 |
| ████ | ██ | | █████ | ████ | RID110566 |
| ████ | ██ | | ██████████ | ████ | RID110567 |

| Date | RID ▉ | | Description(s) | Hours/ Hourly Rate or Invoice Amount | Bates Number |
|---|---|---|---|---|---|
| ▉ | ▉ | | ▉ | ▉ | RID110567 |
| ▉ | ▉ | | ▉ | ▉ | RID110567 |
| ▉ | ▉ | | ▉ | ▉ | RID110567 |
| ▉ | ▉ | | ▉ | ▉ | RID110567 |
| ▉ | ▉ | | ▉ | ▉ | RID110567 |
| ▉ | | | ▉ | ▉ | RID110567 |
| ▉ | | | ▉ | ▉ | RID110567 |
| ▉ | | | ▉ | ▉ | RID110567 |
| ▉ | | | ▉ | ▉ | RID110567 |
| ▉ | | | ▉ | ▉ | RID110567 |
| ▉ | ▉ | | ▉ | ▉ | RID110567 |
| ▉ | ▉ | | ▉ | ▉ | RID110568 |
| ▉ | ▉ | | ▉ | ▉ | RID110568 |
| ▉ | ▉ | | ▉ | ▉ | RID110568 |
| ▉ | ▉ | | ▉ | ▉ | RID110568 |
| ▉ | ▉ | | ▉ | ▉ | RID110568 |
| ▉ | ▉ | | ▉ | ▉ | RID110568 |
| ▉ | ▉ | | ▉ | ▉ | RID110568 |
| ▉ | | | ▉ | ▉ | RID110568 |
| ▉ | ▉ | | ▉ | ▉ | RID110569 |

| Date | RID ███████ | Description(s) | Hours/ Hourly Rate or Invoice Amount | Bates Number |
|---|---|---|---|---|
| ███ | ███ | ████████ | ████ | RID110569 |
| ███ | ███ | ████████ | ████ | RID110989-990 |
| ███ | ███ | ████████ | ████ | RID111116-117 |
| ████ | ████ | ████████ | ████ | RID110165 |
| ████ | | ████████ | ████ | RID111148 |

[Ex. 22 (RID110562-69); Ex. 23 (RID110165, RID110989-90, RID111116-17, RID111148)]

    45.    Based on the hours and claimed hourly rates set forth in the chart contained in SOF ¶ 44 above, the total dollar amount of the entries that, as listed in that chart, relate to litigation and/or efforts to market or convey drinking water to end-users is $8,985.52.

    46.    The documents RID has produced in support of its claimed District General Response Costs include many additional entries that at least suggest that they relate to litigation and/or to efforts to market or convey drinking water to end-users. For example:

| Invoice Date | RID ████ | | Description(s) | Bates Number(s) |
|---|---|---|---|---|
| ████ | ████ | | ████████████ | RID110562 |
| ████ | ████ | | ████████████████ | RID110563 |
| ████ | ████ | | ████████████ | RID110563 |
| ████ | ████ | | ██████████████ | RID110563 |
| ████ | ████ | | ██████████████ ██████ | RID110563 |
| ████ | ████ | | ████████████ ███████ | RID110564 |
| ████ | ████ | | ████████████ | RID110565 |
| ████ | ████ | | █████████████ ███ | RID110565 |
| ████ | ████ | | █████████ | RID110566 |
| ████ | ████ | | ████████████ | RID110566 |
| ████ | ████ | | ██████████ | RID110566 |
| ████ | ████ | | █████████████ ███████ | RID110566 |
| ████ | ████ | | █████████ | RID110566 |
| ████ | ████ | | █████████ | RID110569 |
| ████ | ████ | | ███████████ | RID110435-436 |
| ████ | ████ | | █████████████ █████ | RID111017-018 |
| ████ | ████ | | █████████████████ | RID111015-16 |
| ████ | ████ | | █████████████ ██████ | RID111013-014 |
| ████ | ████ | | ██████████ ████████ ███ | RID111009-010 |
| ████ | ████ | | ████████████ | RID111005-006 |

| Invoice Date | RID ███ | Description(s) | Bates Number(s) |
|---|---|---|---|
|  |  | ████████████████ ████████ |  |
| ███ | ███ | ████████ | RID110939-940 |

[Ex. 22 (RID110562-69); Ex. 24 (RID110435-36, RID110939-40, RID111005-06, RID111009-10, RID111013-18)]

      47.    The internal labor documentation RID has produced in support of its claimed District General Response Costs also include time entries for its Superintendent, Mr. Neese, that are redacted and/or consist only of a short phrase.  For example:

| Date | Description(s) | Bates Number |
|---|---|---|
| ███ | ████ | RID110562 |
| ███ | ██████ | RID110562 |
| ███ | ███████ | RID110562 |
| ███ | █████████ | RID110562 |
| ███ | █████████ | RID119562 |
| ███ | ███ | RID119562 |
| ███ | ██████ | RID110562 |
| ███ | ██████████ | RID110562 |
| ███ | █████████████ | RID110562 |
| ████████████ | | RID110562 |
| █████████████ | | RID110562 |
| ███████████████ | | RID110562 |
| ███ | ███████ | RID110562 |
| ███ | ████ | RID110563 |
| ██████████████ | | RID110563 |
| ████████████ | | RID110563 |

| Date | Description(s) | Bates Number |
|------|---------------|--------------|
| | ███████████████████ | |
| ███████ | ██████████████ | RID110563 |
| ███ | ████████████████ | RID110563 |
| ███ | ██████████ | RID110563 |
| ███ | ███████████████ | RID110563 |
| ███ | █████████████████ | RID110563 |
| ███ | ██████████████████ | RID110563 |
| ███ | █████████████ | RID110563 |
| ███ | ████████████████ | RID110563 |
| ███ | █████████████ | RID110563 |
| ███ | ████████████████ | RID110563 |
| ███ | ███████████████████ | RID110564 |
| ███ | ██████████ | RID110564 |

[Ex. 22 (RID110562-69)]

48.     Mr. Neese testified in his deposition that he could not discern what work he performed for specific time entries, because (among other reasons) both his time entries and his corresponding notes in his Daytimer have been redacted.  [Ex. 11 (Neese Dep. at 170:10-14 ("Q: Is there anything you can tell me to shed light on why these time entries might be associated with the remediation project?   A:   No."), 171:3-22, 172:8-173:3, 174:23-177:2)]

49.     Various time entries in the EUSI invoices RID has produced in support of its claimed District General Response Costs provide only short descriptions that often use the word "Remediation" and/or are redacted.  For example:

| Date | Description(s) | Bates Number(s) |
|------|---------------|-----------------|
| ████ | ████████████████ | RID111059-060 |

| Date | Description(s) | Bates Number(s) |
|---|---|---|
| ███ | ████████████ | RID111053-054 |
| ████ | ████████████████ '' | RID110426-427 |
| ███ | █████████████████ | RID111043-044 |
| ███ | ████████████ | RID111039-040 |
| ████ | ████████████ | RID111037-038 |
| ███ | ██████████████ | RID111023-024 |
| ███ | ████████████ | RID111017-018 |
| ███ | ████████████ | RID111015-016 |
| ███ | █████ | RID110957-958 |
| ███ | ██████████████ | RID110941-942 |
| ███ | ███████████████ | RID110939-940 |
| ███ | ██████████████ | RID110868-869 |
| ████ | ███████████████ | RID110862-863 |
| ███ | ██████████████ | RID110855-856 |
| ███ | ██████████████ | RID110852-853 |

[Ex. 25 (includes above listed Bates numbers)]

50.   Mr. Neese testified in his deposition that time descriptions in the EUSI invoices were "so general" or redacted that he could not discern what actual work EUSI was doing, and also could not suggest how Defendants might be able to do so. [Ex. 11 (Neese Dep. at 157:5-158:14 ("Q:  And the same is true for all of those references; right?  They're

so general that there's really no way for us to tell what EUSI was doing.  Do you agree?  A: I can't identify specifically what was discussed in any of these line items.")]

51.     Invoices from the RC&A law firm produced by RID in support of its claimed District General Response Costs include time entries that are redacted and/or consist only of short phrases.  For example:

| Date | Description(s) | Bates Number(s) |
|------|---------------|-----------------|
| ███ | ████████████████████████ | RID111193-194 |
| ███ | ████████████████████████ | RID111195-196 |
| ███ | ████████████████████████ | RID111191-192 |
| ███ | ████████████████████████ | RID111176-177 |
| ███ | ███████████ | RID111186 |
| ███ | ████████████████ | RID111174-175 |



| Date | Description(s) | Bates Number(s) |
|---|---|---|
| ███ | ██████████████ ; | |
| ███ | ███████████ ; | RID111169-170 |
| ███ | ████████████ | RID111167-168 |
| ████ | ██████████ | RID111157 |
| ███ | ████████ | RID111149 |
| ████ | ████████ | RID111148 |
| ████ | ████████ | RID111147 |
| ███ | ███████ | RID111145 |
| ███ | █████ | RID111144 |
| ███ | ████████ | RID110913 |
| ███ | █████ | RID110909 |

[Ex. 26 (includes above listed Bates numbers)]

52.     Invoices from the B&C law firm produced by RID in support of its claimed District General Response Costs also include time entries that are redacted and/or consist of short phrases.  For example:

| Date | Description(s) | Bates Number(s) |
|------|----------------|-----------------|
| ███ | ███████████████████ | RID111134 |
| ███ | ███████████████████ | RID111129-131 |
| ███ | ███████████████████ | RID111068 |
| ███ | ███████████████████ | RID110904 |

-20-

| Date | Description(s) | Bates Number(s) |
|---|---|---|
| ███ | ████████████████ | RID110896 |
| ██ | ███████████████ | RID110893 |

[Ex. 27 (includes above listed Bates numbers)]

Dated:  July 22, 2016

Respectfully submitted,

**SALMON, LEWIS, & WELDON, P.L.C.**

By: s/  G. Van Velsor Wolf Jr.
    G. Van Velsor Wolf Jr.
    Michael K. Foy
    2850 East Camelback Road, Suite 200
    Phoenix, Arizona 85016

*Attorneys for Defendant Air Liquide America Specialty Gases, L.L.C.*

**SNELL & WILMER L.L.P.**

By: s/  Mitchell J. Klein
    Mitchell J. Klein
    J. Matthew Derstine
    Timothy J. Sabo
    400 East Van Buren St., Suite 1900
    Phoenix, Arizona 85004
    Thomas Loquvam
    Pinnacle West Capital Corporation
    Post Office Box 53999 MS8695
    Phoenix, Arizona 85072-3999

*Attorneys for Defendant Arizona Public Service Company*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SQUIRE PATTON BOGGS (US) LLP**

By: s/ Christopher D. Thomas
  Christopher D. Thomas
  Matthew L. Rojas
  One East Washington Street, Suite 2700
  Phoenix, Arizona 85004
  Stephen L. Wetherell
  Phoenix City Attorney's Office
  Civil Division
  200 West Washington Street, Suite 1300
  Phoenix, Arizona 85003-1611

*Attorneys for Defendant City of Phoenix*

**PERKINS COIE LLP**

By: s/ Michael P. Berman
  Shane R. Swindle
  Michael P. Berman
  P. Derek Petersen
  2901 North Central Avenue, Suite 2000
  Phoenix, Arizona  85012-2788

*Attorneys for Defendant Corning Incorporated*

**POLSINELLI PC**

By: s/ Troy B. Froderman
  Troy B. Froderman
  Jonathan G. Brinson
  One East Washington, Suite 1200
  Phoenix, Arizona 85004

  Mitchell J. Klein
  **SNELL & WILMER L.L.P.**
  400 East Van Buren St., Suite 1900
  Phoenix, Arizona 85004

*Attorneys for Defendant Dolphin Incorporated*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SHOOK, HARDY & BACON LLP**

By: s/ John M. Barkett
    John M. Barkett
    Suite 3200
    201 South Biscayne Boulevard
    Miami, Florida 33131

*Attorneys for Defendant Freescale*
*Semiconductor, Inc.*

**JENNINGS, HAUG & CUNNINGHAM
LLP**

By: s/ Karen S. Gaylord
    Karen S. Gaylord
    2800 North Central Avenue, Suite 1800
    Phoenix, Arizona 85004-1049

    Sean Morris (*Pro Hac Vice*)
    Eric D. Mason (*Pro Hac Vice*)
    Sean A. McCormick (*Pro Hac Vice*)
    **ARNOLD & PORTER LLP**
    777 South Figueroa Street, 44th Floor
    Los Angeles, California 90017-5844

*Attorneys for Defendant Honeywell*

**SNELL & WILMER L.L.P.**

By: s/ Mitchell J. Klein
    Mitchell J. Klein
    Maribeth M. Klein
    400 East Van Buren St., Suite 1900
    Phoenix, Arizona 85004

*Attorneys for Defendant ITT Corporation*

**FENNEMORE CRAIG PC**

By: s/ Scott K. Ames
  John M. Pearce
  Scott K. Ames
  2394 East Camelback Road, Suite 600
  Phoenix, Arizona 85016-3429

*Attorneys for Defendant Kinder Morgan Energy Partners, LP*

**WILLIAM G. MONTGOMERY**
**MARICOPA COUNTY ATTORNEY**

By: s/ Ann Thompson Uglietta
  Ann Thompson Uglietta
  J. Kenneth Mangum
  Deputy County Attorneys
  Civil Services Division
  222 North Central Avenue, Suite 1100
  Phoenix, Arizona 85004

*Attorneys for Defendant Maricopa County*

**THE CAVANAGH LAW FIRM, P.A.**

By: s/ Jerry D. Worsham II
  Jerry D. Worsham II
  1850 North Central Avenue, Suite 2400
  Phoenix, Arizona 85004

*Attorneys for Defendant Meritor, Inc.*

**FENNEMORE CRAIG PC**

By: s/ Scott K. Ames
  Christopher L. Callahan
  Phillip F. Fargotstein
  Scott K. Ames
  2394 East Camelback Road, Suite 600
  Phoenix, Arizona 85016-3429

*Attorneys for Defendant Nucor Corporation*

1

2

**LEWIS ROCA ROTHGERBER CHRISTIE LLP**

3

4

By: s/ Stanley B. Lutz
    Carla A. Consoli
    Stanley B. Lutz
    Marla Hudgens
    201 East Washington, Suite 1200
    Phoenix, Arizona 85004-2595

5

6

7

*Attorneys for Defendant Prudential Overall Supply*

8

9

**K&L GATES, LLP**

10

By: s/ Matthew G. Ball
    Matthew G. Ball
    Jason N. Haycock
    Four Embarcadero Center, Suite 1200
    San Francisco, California 94111

11

12

13

*Attorneys for Defendant Reynolds Metals Company*

14

15

**BALLARD SPAHR LLP**

16

17

By: s/ David J. Armstrong
    David J. Armstrong
    Craig C. Hoffman
    Lea A. Phillips
    1 East Washington Street, Suite 2300
    Phoenix, Arizona 85004-2555

18

19

20

21

*Attorneys for Defendant Salt River Project Agricultural Improvement and Power District*

22

23

**BOOTH LLP**

24

By: s/ Joshua Levine
    Joshua Levine
    1849 Sawtelle Boulevard, Suite 500
    Los Angeles, California 90025

25

26

*Attorneys for Defendant Textron, Inc.*

27

28

**PEARSON LAW GROUP LLC**

By: s/ William W. Pearson
     William W. Pearson
     1221 East Osborn Road, Suite 101
     Phoenix, Arizona 85014

*Attorneys for Defendant Union Pacific Railroad Company*

**VERIS LAW GROUP PLLC**

By: s/ Michelle Rosenthal
     Michelle Rosenthal
     Gregory T. Hixson
     Denver R. Gant
     1809 Seventh Avenue, Suite 1400
     Seattle, Washington 98101

*Attorneys for Defendant Univar USA Inc.*

1

**CERTIFICATE OF SERVICE**

2          ☒          I hereby certify that on August 19, 2016, I electronically transmitted the

3   attached documents to the Clerk's Office and to the counsel of record who are CM/ECF

4   registrants using the CM/ECF System for filing and transmittal of a Notice of Electronic

5   Filing.

6          ☒          I hereby certify that on August 22, 2016, I served the attached document by

7   FedEx on:

8
        Honorable David A. Ezra
9       United States District Court
        John H. Wood, Jr. United States Courthouse
10      655 East Cesar E. Chavez Blvd., 3rd Floor
        San Antonio, Texas  78206
11

12          ☒          I hereby certify that on August 19, 2016, I served the attached document by

13   first class mail on the following, who are not registered participants of the CM/ECF System:

14
        Walker Power Systems, Inc.
15      c/o Jeffrey R. Conover
        1301 East Jackson Street
16      Phoenix, Arizona 85034

17      *Pro Se*

18                                          s/ Shawne Murphy

19

20

21

22

23

24

25

26

27

28