1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT**

7

**FOR THE DISTRICT OF ARIZONA**

8

| | |
|---|---|
| Roosevelt Irrigation District,  a political subdivision of the State of Arizona, | No. CV-10-00290-PHX-DAE (BGM) |
| Plaintiff, | **ORDER** |
| v. | |
| Salt River Project Agricultural Improvement and Power District, *et al.,* | |
| Defendants. | |

16
17
18

On December 6, 2017, a status conference was held before the Court to address the issues that follow.

19
20

**I.    DISCOVERY ISSUES**

21
22

*A. In general*

23

As an initial matter, Plaintiff RID has indicated that it does not intend to appeal this Court's September 30, 2016 Order (Doc. 1326) denying its Motion for Protective Order.  Issues regarding the form, scope, and timing of the Parties' respective privilege logs, and challenges to any objections to disclosure based on the assertion of the attorney-client privilege or work product doctrine (if they arise) shall be briefed to the Court pursuant to the schedule entered below.  The schedule also contains a deadline for the

filing of motions to compel (a) the disclosure of additional information identifying documents responsive to outstanding discovery requests; or (b) the production of documents withheld on the basis of objections previously asserted by the Parties; and (c) Defendants' answers to outstanding interrogatories seeking the factual basis of their defenses, counterclaims, and cross-claims.

### B. Cross-claims

RID asserts that Judge Ezra "made clear his desire to lift the stay on third-party and cross-claim discovery." Joint Rpt. (Doc. 1446) at 4. RID further asserts that "it is entitled to know the facts supporting claims by a given Defendant that one or more other Defendants contributed to or is responsible for the groundwater contamination with the WVBA site." Joint Rpt. (Doc. 1446) at 4–5. Defendants assert that RID's request to accelerate the deadline of cross-claim discovery contravenes their original agreement in Case Management Order No. 2 (Doc. 918) that discovery on all cross-claims was "reserved until after the conclusion of Plaintiff's case." This matter has been bifurcated into Phase "1," resolution of RID's claims against defendants; and Phase "2," resolution of the responsible parties' proportionate share of liability for any judgment. Defendants further assert that the proportionality provision of Rule 26(b)(1), Federal Rules of Civil Procedure, mandate that the Court not order acceleration of discovery on cross-claims that very well may be rendered moot. Defendants observe that "[l]eaving resolution of contribution cross-claims until a later phase remains prudent and appropriate for the reasons long acknowledged in this matter: resolution of contribution cross-claims will be necessary *only if* RID is able to impose joint and several or disproportionate liability upon

Defendants for costs significant enough to justify the expense of litigating them."  Joint Rpt. (Doc. 1446) at 7 (emphasis in original).

The Court agrees that litigating the cross-claims at this juncture would be premature; however, the Court also finds that the examples given in the briefing and at the status conference by RID represent situations in which the information is discoverable in the case-in-chief.  RID's first example is where "one PRP may well be holding evidence of a release or other facts supporting liability on the cross-claim that may also be highly relevant to proof of RID's primary liability claim."  Joint Rpt. (Doc. 1446) at 5. Secondly, at the status conference, RID referred to a hypothetical 30(b)(6) witness whom RID wished to question about their knowledge of another defendant's activity, again relevant to RID's primary liability claim.  RID remains entitled to discovery "regarding any nonprivileged matter that is relevant to [its] claim[.]"  Fed. R. Civ. P. 26(b).  As such, although the Court finds that discovery regarding resolution of the contribution cross-claims is premature, nothing in this Order shall be construed to limit RID's ability to obtain discovery relevant to its primary liability claim.

### C.  Third-Party Claims

Defendants assert that the Third-Party claims are now cross-claims deemed filed and denied in the Case Management Order No. 2 (Doc. 918), and seek confirmation that these include Reynolds Metals Company and American Linen Supply Company.  RID does not object.  Accordingly, the Court deems the cross-claims filed and denied to include Reynolds Metals Company and American Linen Supply Company.

. . .

### D.  30(b)(6) Depositions

The Parties have agreed to the form and method of the 30(b)(6) depositions.  RID shall arrange and its expense for a video conference between it and the deponent.  RID will host anyone who wishes to join the deposition at the Arizona location.  Defendants may also attend the deposition at the site of the deponent.  Any Defendant who wishes to attend by video conference from a location other than the two primary locations shall bear the cost of the extra video connection.  Also, Defendants shall bear their own costs associated with travel to either primary location.

If RID chooses to take a deposition at the deponent's place of business, it will consult with the appropriate Defendant(s).

## II.   REGULATORY UPDATE

The Parties provided the Court with an update regarding the current regulatory proceedings, including the possible referral of the regulatory action by Arizona Department of Environmental Quality ("ADEQ") to the Environmental Protection Agency ("EPA").  The Parties agree that this is for informational purposes only.

## III.   SETTLEMENT CONFERENCE

The Parties inform the Court regarding the on-going mediation before the Honorable Layn Phillips.  Participating Defendants opine that these discussions have focused primarily upon the water rights cases currently pending before the Judge Tuchi.  Additionally, the cost of travel, as well as the cost for Judge Phillips's time, has been a

barrier to the participation of some Defendants.

The Parties agree that mediation can go forward between the Parties in the instant case, as well as those *Spinnaker Holdings, LLC, et al. v. City of Phoenix, et al.*, Case No. CV-16-4448-PHX-DAE (BGM).  Certain Defendants have raised concerns regarding due process and the disparate posture of the cases with regard to the inclusion of parties from *Gallagher & Kennedy PA v. City of Phoenix, et al.*, Case No. CV-16-4447-PHX-DAE (BGM).  The Court recognizes and agrees with those concerns.  Gallagher & Kennedy PA, however, has participated in the mediation before Judge Phillips.

At this juncture, the Court finds it appropriate to direct the Parties in the instant case, Spinnaker Holdings, LLC, Synergy Environmental, LLC, and Gallagher and Kennedy PA to participate in mediation.  The Court further recognizes that Freescale Semiconductor, Inc. objects to the inclusion of Gallagher & Kennedy, and that there may be further objections to Gallagher & Kennedy's participation.  The Court also finds that it is in the best interest of all to have a broader mediation.  To prevent an undue burden on any one Defendant or RID, the mediation shall take place in Arizona.  The Parties are further directed to agree upon a mediator, and if they cannot, shall submit names to this Court for a final selection.

The Court is not opposed to the further use of Judge Phillips, if that is whom the Parties agree upon.  Furthermore, the Court appreciates and accepts Mr. O'Connor of Salt River Project Agricultural Improvement and Power District's offer to keep the Court apprised of the ongoing status of any further mediations before Judge Phillips.  The additional information will likely be helpful to the Court's understanding and decision

- 5 -

making as this case progresses.

## IV.  ADDITIONAL LEGAL ISSUES

RID has withdrawn their request for resolution of certain legal issues regarding settlement.  RID should seek further guidance from the Court as it deems necessary.

## V.  CONCLUSION

Based upon the foregoing, IT IS HEREBY ORDERED that the Parties shall abide by the following schedule:

1)   Simultaneous briefs (if necessary) regarding the content and deadline for privilege log issues: (1) document v. categorical; (2) description of categories; and (3) deadline for service of logs shall be filed on or before **December 20, 2017**.  Responses shall be due on or before **December 30, 2017**;

2)   Motions to Compel regarding Privilege Assertions shall be filed three (3) weeks after privilege logs served;

3)   Motions to Compel on Other Discovery Issues shall be filed on or before **January 29, 2018**;

4)   Fact Discovery Except for Depositions of Third-Party Technical Consultants as Fact Witnesses shall be completed on or before **March 6, 2018**;

5)   Depositions of Third-Party Consultants as Fact Witnesses shall be completed on or before **April 20, 2018**;

6)   Plaintiff's Initial Expert Disclosures shall be completed on or before **May**

**20, 2018**;

7)     Defendants' Initial Expert Disclosures shall be completed on or before **July 19, 2018**;

8)     Plaintiff's Rebuttal Expert Disclosures shall be completed on or before **August 28, 2018**;

9)     Expert Depositions shall be completed on or before **October 12, 2018**;

10)     *Daubert* Motions shall be filed on or before **November 12, 2018**;

11)     Summary Judgment Motions shall be filed within thirty (30) days following the Court's ruling on any *Daubert* motions;

12)     Pretrial Conference and Trial Dates shall be determined by the Court at a later date.

IT IS FURTHER ORDERED that discovery necessary for resolution of the contribution cross-claims remains on hold; however, RID is entitled to discovery relevant to its primary liability claim.

IT IS FURTHER ORDERED that the cross-claims deemed filed and denied include Reynolds Metals Company and American Linen Supply Company.

IT IS FURTHER ORDERED that the 30(b)(6) depositions shall take place in the manner described in Section I.D., *supra*.

IT IS FURTHER ORDERED that the Parties shall participate in mediation to include Spinnaker Holdings, LLC, Synergy Environmental, LLC, and Gallagher & Kennedy PA in Arizona.  The Parties shall agree to a mediator on or before December 15, 2017.  If no agreement can be reached the Parties shall submit to this Court a list of four

(4) potential mediators on or before December 22, 2017.  The mediation shall take place within sixty (60) days from the selection of a mediator—either by the Parties or by the Court.  The Parties shall update the Court within ten (10) days following the mediation.

Dated this 11th day of December, 2017.

Honorable Bruce G. Macdonald
United States Magistrate Judge