# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roosevelt Irrigation District, a political subdivision of the State of Arizona, <br><br> Plaintiff, <br> v. <br><br> Salt River Project Agricultural Improvement and Power District, *et al.*, <br><br> Defendants. | No. CV-10-00290-PHX-DAE (BGM) <br><br> **ORDER** |

Having considered the Parties' Joint Report Regarding Privilege Log Issues and Request for Entry of Agreed-Upon Order ("Joint Request") (Doc. 1495), and good cause appearing, IT IS HEREBY ORDERED that:

1) The Parties shall comply with the procedures and protocols for the preparation and service of privilege logs set forth in Exhibit "A" attached hereto, which are incorporated herein by reference; and

2) With respect to document requests or subpoenas served prior to November 9, 2017, the deadline for service of privilege logs complying with the requirements of Exhibit "A" is February 9, 2018.

In light of the foregoing, IT IS FURTHER ORDERED that the telephonic status

1 conference currently set for 10:00 a.m. on Friday, January 26, 2018 is VACATED.

Dated this 23rd day of January, 2018.

_____
Honorable Bruce G. Macdonald
United States Magistrate Judge

# EXHIBIT A

**EXEMPT CATEGORIES**

In addition to this action, Defendants have identified the following litigation and administrative proceedings (including any insurance coverage disputes) (collectively, the "Prior Proceedings") in connection with which they intend to assert the attorney-client privilege and attorney work product protections:

- Baker, et al. v. Motorola, Inc., et al. (No. CV92-02603)
- Lofgren, et al. v. Motorola, Inc., et al. (Nos. CV93-05521, CV93-15612, CV94-08956, and CV93-05322 (consolidated))
- State of Arizona ex rel v. United Industrial Corporation, et al. (No. CIV-93-0950-PHX-RCB)
- Dawson, et al. v. Motorola, Inc., et al. (No. CV97-07200)
- Arizona ex rel. (ADEQ) v. Maricopa County, et al. (D.Ariz. No. CIV 01-1214 PHX ROS)
- United States v. Motorola et al. (D. Ariz. No. 2:98-cv-2049)
- Honeywell/Motorola Arbitration
- Arizona v. Honeywell, et al. (D. Ariz. No. 2:03-cv1822)
- ADEQ v. Honeywell (Ariz. Sup. Ct. CV2004-013146), and related enforcement action CV2008-018396
- In the Matter of AlliedSignal Inc. (ADEQ Docket No. W-262-99)
- Freescale, et al. v. Katchina Tech. Servs. (D. Ariz. No. 2:06-cv-793)
- Arizona v. Honeywell (D. Ariz. No. 2:07-cv-1989)
- State of Arizona ex rel. Arizona Department of Environmental Quality and Jaqueline E. Schafer, Director, Arizona Department of Environmental Quality v. Maricopa County and Union Pacific Railroad Co., No. CIV 01-1214 PHX ROS (D. Ariz.).
- State of Arizona ex rel vs. Nucor Corporation et al (D. Arizona No. CV-91-1094-PHX-RCB) and (9th Circuit No. 93-16966).
- Adobe Air. v. Arvin Meritor, Inc., USDC D.AZ, case no., 2:02-CV-00534-JAT (2002).
- *State of Arizona, et al. v. Reynolds Metals Co.*, U.S.D.C. D.AZ, case no. CIV02-1320-PHX-SRB
- State of Arizona v. City of Phoenix and Motorola, Inc., No. CV-96-2626-PHX-ROS (D. Ariz.)
- Judicial and administrative proceedings regarding the Motorola 52nd Street Superfund site, including NPL consideration and activity, and related consent decrees.

1

- Judicial and administrative proceedings by the State of Arizona with regard to the Motorola 52nd Street, West Van Buren, West Osborn Complex, West Central Phoenix, and Eastlake Park/East Washington groundwater contamination sites

The Parties have agreed they are not required to log the categories of documents for this Litigaiton or for any of the Prior Proceedings described below. With regard to other materials, the parties have agreed to provide a general, categorical log of any responsive documents withheld on privilege grounds using the template attached as Exhibit 1. The following documents will be exempt from logging.

**A. RID and Individual Defendants: Communications Regarding This Litigation or Prior Proceedings**

1. Communications regarding this Litigation or any of the Prior Proceedings, or in anticipation of this Litigation or any of the Prior Proceedings, between or among any counsel for any defendant and that counsel's client. The foregoing applies to inside or outside counsel, including, as applicable, outside counsel within the same firm or at different firms.
    a. The date after which communications will be deemed made "in anticipation of" this Litigation is defined as follows:
        i. For governmental defendants that require a notice of claim, the date of the notice of claim.
        ii. For all other defendants, August 19, 2009, the date of David Kimball's letter regarding a presentation to PRPs.
    b. The date after which communications will be deemed made "in anticipation of" any of the Prior Proceedings is defined as follows:
        i. For administrative proceedings, the date when a notice of investigation (such as a request for information under CERCLA 104 (e)) or a notice of the initiation of administrative proceedings was received from the applicable administrative body.
        ii. For litigation, the date the litigation commenced, was threatened, or was reasonably anticipated.

2. Communications regarding this Litigation or any of the Prior Proceedings, or in anticipation of this Litigation or any of the Prior Proceedings between or among any of RID's counsel and RID. The date after which communications will be deemed made "in anticipation of" this Litigation is defined as October 3, 2008, the date of the engagement letter between RID and G&K. The foregoing applies to inside or outside counsel, including, as applicable, outside counsel within the same firm or at different firms.

3. Communications regarding this Litigation or any of the Prior Proceedings, or in anticipation of this Litigation or any of the Prior Proceedings between or among counsel for any individual party and any non-testifying technical consultant (including all related work product, and without the need to identify the non-testifying consultant). The date after which communications will be deemed made "in anticipation of" this Litigation or any of the Prior Proceedings is the same as in numbers 1 and 2 above.

4. Communications in categories 1 and 3 shared with a potential insurer and communications between defendants and/or defendants' counsel and their insurer relating to this Litigation.

**B. Multiple Defendants: Communications Regarding This Litigation or Prior Proceedings**

1. Communications regarding this Litigation or any of the Prior Proceedings, or in anticipation of this Litigation or any of the Prior Proceedings between or among outside and/or inside counsel for Defendants subject to a joint defense agreement and/or common interest privilege. The date after which communications will be deemed made "in anticipation of" this Litigation or any of the Prior Proceedings is the same as described in Section A 1 & 2 above.

2. Communications regarding this Litigation or any of the Prior Proceedings, or in anticipation of this Litigation or any of the Prior Proceedings between or among joint defense and/or common interest inside and/or outside counsel and any non-testifying technical consultant (including all related work product, and without the need to identify the non-testifying consultant). The date after which communications will be deemed made "in anticipation of" this Litigation or any of the Prior Proceedings is defined as the same as described in Section A 1 & 2 above.

**C. Additional Obligations Regarding Prior Proceedings**.

1. Notwithstanding the logging exemptions set forth in Sections A and B above, the Parties shall categorically log responsive documents from any of the Prior Proceedings that are being withheld on privilege grounds and that fall within the Categories listed on the attached Exhibit 1.

**D. Reservation of Rights**

1. Plaintiff and defendants reserve the right to request additional description of materials withheld on attorney-client or work product grounds, including draft technical reports regarding the West Van Buren site prepared by plaintiff or the West Van Buren Working Group, comments by attorneys on those reports, and technical reports prepared in connection with the Prior Proceedings. The parties will meet and

3

confer again following their disclosures to seek further agreement on the additional disclosure necessary for evaluation of attorney-client or work product claims.

# EXHIBIT 1

| Doc Type No. | Document Type | Affiliations of Authors and Recipients[1] | Privilege | Number of Documents Withheld |
|---|---|---|---|---|
| 1. | Contracts, letters of understanding, or agreements with technical consultants for environmental work at your Facilities, except for consultants retained after August 19, 2009, in connection with this Litigation. | | _____ Attorney-Client<br>_____ Work Product<br>_____ Other [Describe] | _____ 25 or less<br>_____ 26-50<br>_____ 51-100<br>_____ 101-250<br>_____ Over 250[2] |
| 2. | Contemporaneous purchase records for VOCs[3] used at your Facilities.[4] To the extent such purchase records no longer exist, summaries of such records. | | _____ Attorney-Client<br>_____ Work Product<br>_____ Other [Describe] | _____ 25 or less<br>_____ 26-50<br>_____ 51-100<br>_____ 101-250<br>_____ Over 250 |
| 3. | Contemporaneous storage or maintenance records or logs for VOCs used at your Facilities. To the extent such purchase records no longer exist, summaries of such records. | | _____ Attorney-Client<br>_____ Work Product<br>_____ Other [Describe] | _____ 25 or less<br>_____ 26-50<br>_____ 51-100<br>_____ 101-250<br>_____ Over 250 |
| 4. | Contemporaneous contracts, records or logs relating to transport or disposal of VOCs generated at your Facilities, including but not limited to hazardous waste manifests. To the extent such purchase records no longer exist, summaries of such records. | | _____ Attorney-Client<br>_____ Work Product<br>_____ Other [Describe] | _____ 25 or less<br>_____ 26-50<br>_____ 51-100<br>_____ 101-250<br>_____ Over 250 |
| 5. | Documents created prior to December 11, 1980 regarding the purchase, storage, transport and disposal of VOCs at your Facilities. | | _____ Attorney-Client<br>_____ Work Product<br>_____ Other [Describe] | _____ 25 or less<br>_____ 26-50<br>_____ 51-100<br>_____ 101-250<br>_____ Over 250 |

---

[1] All third parties other than attorneys for Defendant, Defendant's insurer, or another person or entity with whom Defendant shares a joint defense or common interest privilege must be specifically identified by entity or organization.
[2] If checked, provide estimate of number of documents.
[3] "VOCs" as used herein means any of the following Volatile Organic Compounds: (1) trichloroethene ("TCE"), also known as trichloroethylene; (2) tetrachloroethene ("PCE"); (3) 1,1,1-trichloroethane ("TCA"); (4) 1,1-dichloroethane ("1,1-DCA"); (5) 1-1-dichloroethene ("1,1-DCE"); and (6) 1,2-dichloroethane ("1,2-DCA"); cis-l,2-dichloroethene ("cis-l,2-DCE") (individually and collectively referred to as "VOCs") or materials containing VOCs.
[4] "Facility" or "Facilities" as used herein refers to the Defendant's facility or facilities identified in the Third Amended Complaint.

1

| Doc Type No. | Document Type | Affiliations of Authors and Recipients[1] | Privilege | Number of Documents Withheld |
|---|---|---|---|---|
| 6. | Preliminary, tentative or final test results, sampling or other data resulting from any soil, soil gas, soil vapor, emission, groundwater or other VOC monitoring or detection tests at Your Facility, including documents reflecting testing methods, detection limits or calibrations.<br><br>This category does not include test results, sampling or other data previously provided to the Arizona Department of Environmental Quality or the United States Environmental Protection Agency or samples taken after August 19, 2009 in connection with this Litigation. | | _____ Attorney-Client<br><br>_____ Work Product<br><br>_____ Other [Describe] | _____ 25 or less<br>_____ 26-50<br>_____ 51-100<br>_____ 101-250<br>_____ Over 250 |
| 7. | Documents showing test or sample locations for any of the data referenced in No. 6. | | _____ Attorney-Client<br><br>_____ Work Product<br><br>_____ Other [Describe] | _____ 25 or less<br>_____ 26-50<br>_____ 51-100<br>_____ 101-250<br>_____ Over 250 |
| 8. | Technical consultant field notes or memoranda, site inspection or site condition documents (including maps, photographs, drawings or diagrams) for any of the data referenced in Category No. 6. | | _____ Attorney-Client<br><br>_____ Work Product<br><br>_____ Other [Describe] | _____ 25 or less<br>_____ 26-50<br>_____ 51-100<br>_____ 101-250<br>_____ Over 250 |
| 9. | Interview notes by technical consultants, or other communications between or among technical consultants and Defendant employees, relating to: (i) the release or suspected release of any VOCs or to any sampling or test results logged under Category No. 6; or (ii) the purchase, use, inventory, storage, management, testing, investigation, release, disposal or migration of VOCs at Your Facility. | | _____ Attorney-Client<br><br>_____ Work Product<br><br>_____ Other [Describe] | _____ 25 or less<br>_____ 26-50<br>_____ 51-100<br>_____ 101-250<br>_____ Over 250 |
| 10. | Laboratory data sheets, sampling and analysis plans, and boring logs relating to any sampling or test results logged under Category No. 6. | | _____ Attorney-Client<br><br>_____ Work Product<br><br>_____ Other [Describe] | _____ 25 or less<br>_____ 26-50<br>_____ 51-100<br>_____ 101-250<br>_____ Over 250 |
| 11. | Computer modeling reports or results prepared by technical consultants used in connection with the evaluation of contaminant fate and transport of known or suspected presence or release of VOCs<br>. | | _____ Attorney-Client<br><br>_____ Work Product<br><br>_____ Other [Describe] | _____ 25 or less<br>_____ 26-50<br>_____ 51-100<br>_____ 101-250<br>_____ Over 250 |

| Doc Type No. | Document Type | Affiliations of Authors and Recipients[1] | Privilege | Number of Documents Withheld |
|---|---|---|---|---|
| 12. | Documents regarding your Facilities or the Sites (as defined in Plaintiff's Third Amended Complaint) provided to the Arizona Department of Environmental Quality, the United States Environmental Protection Agency, or the Arizona Department of Water Resources. | | _____ Attorney-Client<br><br>_____ Work Product<br><br>_____ Other [Describe] | _____ 25 or less<br>_____ 26-50<br>_____ 51-100<br>_____ 101-250<br>_____ Over 250 |
| 13. | Preliminary, tentative or draft reports or responses to the EPA or ADEQ prepared by technical consultants concerning the presence, purchase, use inventory, storage, management, testing, investigation, disposal, transport, release, migration or transport of VOCs at Your Facility. | | _____ Attorney-Client<br><br>_____ Work Product<br><br>_____ Other [Describe] | _____ 25 or less<br>_____ 26-50<br>_____ 51-100<br>_____ 101-250<br>_____ Over 250 |

3